STATE OF FLORIDA on relation of North St. Lucie River Drainage District, by R. L. Wiley, J. M. Knight and N. F. Enns, acting as the Board of Supervisors of said District v. HONORABLE A. O. KANNER, as Circuit Judge of the Ninth Judicial Circuit of Florida.

11 So. (2nd) 889                          January Term, 1943
February 19, 1943                              En Banc
Rehearing Denied March 3, 1943

*Walker Liddon* and *Fee & Liddon,* for relator.

*A. O. Kanner,* in pro. per. for respondent.

BROWN, J.:

This is a mandamus proceeding, the object of which is to compel Hon. A. O. Kanner, one of the circuit judges of the Ninth Judicial Circuit, to enter a decree pro confesso against certain lands described in a bill brought to foreclose delinquent drainage taxes under Chapter 21003, Acts of 1941,

now appearing as Section 298.75, Florida Statutes of 1941. The relators, in their petition for the alternative writ, allege that they filed said bill of complaint for the foreclosure of delinquent drainage taxes against certain described lands within the boundaries of said drainage district on August 29, 1942 and on the same day filed a lis pendens against said lands, and that on November 23, 1942, relators filed before Judge Kanner a motion for a decree pro confesso, setting forth that no appearance or intervention had been filed in said suit and moving said respondent to enter a decree pro confesso against the lands involved in said suit. That on November 24, 1942, the respondent Judge entered an order denying the motion on the ground that the precedure prescribed by the statute, under which relators had brought said suit, does not afford due process of law. This Court issued an alternative writ directed to the respondent to show cause why a peremptory writ should not issue, and an answer was filed thereto by the respondent judge from which we quote the following:

"That he admits the allegations of the said alternative writ, except he denies he has acquired jurisdiction of the subject matter of the cause, because of the matters and things hereinafter set forth:

"This respondent asserts that no process or notice of any kind has been issued, published, given or served, nor any appearance, intervention, or defense interposed; and that the only pleadings filed were those by the relator, to-wit, bill of complaint, notice of lis pendens, motion for order of dismissal as to certain lands, and the motion for decree pro confesso. No statement is contained in such pleadings of relator of a time to appear or defend.

"That the relator predicates its authority on the provision of the statute, Section 298.75, Florida Statutes, 1941, Chapter 21003, General Acts, 1941, 'All persons interested in any land involved in a suit in Chancery to enforce liens for delinquent drainage taxes shall be deemed to take notice of the levy, assessment and delinquency of such taxes and of suits to enforce the same, . . . ,' to effectuate service and to give this respondent jurisdiction.

"This respondent admits that the relator has complied with the quoted essentials of the statute—that is, brought its suit by filing bill of complaint, which bill shows a levy, assessment and delinquency of the taxes involved—but he says that the mode prescribed by such statute, although fulfilled, does not afford 'due process of law,' in that it is violative of the Constitution of the United States, Amendment 14, and of the Constitution of the State of Florida, Declaration of Rights, Section 12. Hence this respondent declined, and still declines to enter the decree pro confesso applied for by the relator."

The relators filed a motion for the peremptory writ notwithstanding the return of respondent and the case is now before use for final disposition.

It is well settled that mandamus is the proper remedy to compel a court to exercise its jurisdiction when such court possesses jurisdiction and refuses to exercise it, but mandamus cannot be maintained to control or direct the manner in which such court shall act in the lawful exercise of its jurisdiction. In other words, this Court can compel an inferior court to act in the exercise of its lawful jurisdiction, but it cannot direct how it should act. If such action turns out to be erroneous, the aggrieved party can obtain a review thereof on appeal. Such is the general rule.

But there are certain exceptions to this rule in cases where the act sought to be compelled is ministerial in its nature, and where the court, if it acts at all, can only act in one certain way. This subject is well treated in an opinion by Mr. Justice WHITFIELD in the case of State ex rel. v. Atkinson, 97 Fla. 1032, 122 So. 794. The headnote in that case reads as follows:

"Mandamus is not the proper remedy, where the act commanded to be done concerns, not a ministerial duty of issuing process involving no discretion, but the act involves to a certain extent judicial discretion of a circuit judge, and the relator has a remedy by appeal from the interlocutory order in chancery denying an application for an order for publication of notice to appear in the cause, when the action of the judge complained of is not a refusal to entertain or to

exercise jurisdiction, but a denial of the order asked for after jurisdiction has been exercised by considering the application on its merits and refusing to make the order."

The case of State ex rel v. Johnson, Circuit Court Judge, 112 Fla. 112, 150 So. 239, held that where a circuit judge determines that he is without jurisdiction in a case and dismisses the same solely on that ground, to which order of dismissal a writ of error would lie, being final in its nature, yet, inasmuch as writ of error may not in such case be a speedy and adequate remedy, though a plain one, mandamus from the Supreme Court will also lie to test the jurisdiction of the circuit court and to require it to vacate its order of dismissal, if on consideration the Supreme Court determines that the court did have jurisdiction.

Now here, the learned circuit judge denied the motion for decree pro confesso because in his opinion the statute under which the suit was brought was unconstitutional, in that it did not afford due process of law; and there having been no service of process of any kind, either personal or constructive, and no appearance, he was without jurisdiction to proceed or to grant the decree pro confesso, as prayed, against the lands described in the bill.

Courts never declare an act of the Legislature unconstitutional unless it is necessary to do so in order to decide the rights of the parties before it. Without going into the question of the constitutionality *vel non* of this statute, we might call attention to the fact that nowhere in the statute is there any provision whatever for the entry of a decree pro confesso.

Furthermore, the motion for decree pro confesso was for a decree pro confesso *"against the lands."* Manifestly *lands* cannot confess anything. Decree pro confesso may be obtained against individuals or corporate parties defendant for disregarding or neglecting the process of the Court by failing to appear or plead within the time prescribed by the statute or by a valid order of the court. See Sections 42-44, 1931 Chancery Act. But lands, or other physical property, cannot be charged with disregarding the process of the Court; and

even persons under disability, such as infants, insane persons, etc., are not as a rule subject to decrees pro confesso. In order to hold a defendant in default and enter a decree pro confesso against him, the court must have acquired jurisdiction of the cause and of the person of the defendant, either by his appearance or by the service of actual or constructive process upon him. See 30 C.J.S., pages 1100, et seq; 19 Am. Jur. 247-248; McCarthy's Ann. of Fla. Chancery Act, pp. 108 et seq.

So, regardless of whether this statute be constitutional or not, it does not require the court to enter a decree pro confesso against the lands described in the bill, and our attention has not been called to any other statute providing for any such peculiar procedure.

The motion for peremptory writ notwithstanding the return is denied and the cause dismissed at the cost of the relators.

BUFORD, C. J. TERRELL, THOMAS and SEBRING, JJ., concur.

CHAPMAN and ADAMS, JJ., dissent.