467 So.2d 985 (1985)
SCHOOL BOARD OF PINELLAS COUNTY, Petitioner,
v.
DISTRICT COURT OF APPEAL, Second, et al., Respondents.
No. 66492.
Supreme Court of Florida.
March 14, 1985.
Rehearing Denied April 23, 1985.
*986 B. Edwin Johnson, Gen. Counsel, Clearwater, for petitioner.
OVERTON, Acting Chief Justice.
The School Board of Pinellas County petitions this Court for a writ of mandamus directing the Second District Court of Appeal to write an opinion replacing its decision in School Board of Pinellas County v. Enterprise Building Corp., 462 So.2d 1114 (Fla. 2d DCA 1984). The district court, in reviewing a summary judgment entered by the circuit court, rendered the following decision:
Affirmed on the authority of Kelly [Kelley] v. School Board of Seminole County, 435 So.2d 804 (Fla. 1983), and Havatampa Corp. v. McElvy, Jennewein, Stefany & Howard, Architect/Planners, Inc., 417 So.2d 703 (Fla. 2d DCA 1982).
We find no authority for this Court to require a written opinion. We note the reason and necessity for district courts to render summary decisions are explained in Whipple v. State, 431 So.2d 1011 (Fla. 2d DCA 1983).
The school board also requests that we take jurisdiction of this cause on the ground that the decision affects a class of constitutional officers. Article V, section 3(b)(3), of the Florida Constitution allows this Court to take jurisdiction of a cause in which the district court opinion "expressly affects a class of constitutional officers." The term "expressly," in this context, means within the written district court opinion. Jenkins v. State, 385 So.2d 1356 (Fla. 1980). Clearly, there is nothing in the instant district court decision that affects other school board members as constitutional officers.
For the reasons expressed, the petition for writ of mandamus and for discretionary review is denied.
It is so ordered.
ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.