750 So.2d 625 (1999)
Samuel Deleon GRATE, Petitioner,
v.
STATE of Florida, Respondent.
No. 95,701.
Supreme Court of Florida.
October 28, 1999.
Samuel Deleon Grate, Daytona Beach, Florida, Petitioner, pro se.
No appearance for Respondent.
PER CURIAM.
Petitioner Samuel Deleon Grate petitions this Court for writ of mandamus. For the reasons expressed below, we dismiss Grate's petition for lack of jurisdiction.
In the instant case, the Third District Court of Appeal issued a decision that affirmed without an opinion the trial court's denial of Grate's motion to correct his sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. In his petition, *626 Grate seeks review of the district court's decision, arguing that the court's affirmance is inconsistent with this Court's opinion in Lamont v. State, 610 So.2d 435 (Fla.1992). Grate states that he has no other remedy available to him because "neither the trial court nor the Third District Court of Appeal provided any form of written opinion or cited case law to support their [sic] per curiam affirmed decision."
In Jenkins v. State, 385 So.2d 1356, 1359 (Fla.1980), this Court held that it does not have jurisdiction to review a per curiam affirmed decision without a written opinion where the basis for review is an alleged conflict between that decision and an opinion issued by either this Court or another district court of appeal. In St. Paul Title Insurance Corp. v. Davis, 392 So.2d 1304, 1304-05 (Fla.1980), this Court further held that a petitioner could not utilize the Court's "all writs" jurisdiction to seek discretionary review of a per curiam affirmance without opinion. In so holding, the Court stated that it would "not allow the `all writs necessary' provision of section 3(b)(7) to be used to circumvent the clear language of section 3(b)(3) and [the Court's] holding in Jenkins v. State that [it] lack[s] jurisdiction to review per curiam decisions of the several district courts of appeal of this state rendered without opinion when the basis for such review is an alleged conflict of that decision with another."
In the instant case, had the Third District issued an opinion affirming the trial court's denial of Grate's motion, his petition for mandamus would have been treated as a timely-filed petition for review. See art. V, § 2(a), Fla. Const.; Fla. R.App. P. 9.040(c)("If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought...."); see also Fla. R.App. P. 9.120(b) (notice to invoke discretionary jurisdiction must be filed within thirty days of rendition of order to be reviewed). However, the Third District did not issue an opinion and Grate now seeks review of his case through a petition for writ of mandamus.
Regardless of how a petition seeking review of a district court decision is styled, this Court does not have jurisdiction to review per curiam decisions rendered without opinion and this Court's holding in Jenkins cannot be circumvented simply by seeking relief by filing an extraordinary writ petition. Therefore, today we extend this Court's ruling in St. Paul and hold that those provisions of the Florida Constitution governing this Court's jurisdiction to issue extraordinary writs may not be used to seek review of an appellate court decision issued without a written opinion. See Art. V, § (3)(b)(7)-(9), Fla. Const. Accordingly, we hereby dismiss Grate's mandamus petition for lack of jurisdiction.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.