827 So.2d 974 (2002)
Fabian STALLWORTH, Petitioner,
v.
Michael W. MOORE, Respondent.
Thomas L. Kitt, Petitioner,
v.
Michael W. Moore, Respondent.
Kevin Davis, Petitioner,
v.
State of Florida, Respondent.
Thomas Lee Anderton, Petitioner,
v.
State of Florida, Respondent.
Nos. SC02-863, SC02-903, SC02-1049, SC02-1055.
Supreme Court of Florida.
September 19, 2002.
*975 Fabian Stallworth, pro se, Arcadia, FL.
Kevin Davis, pro se, South Bay, FL.
Kelly B. Sims, Winter Park, FL, on behalf of Petitioner Anderton.
No Appearance for Respondents.
Thomas L. Kitt, pro se, Panama City, FL.
PER CURIAM.
Petitioners Fabian Stallworth and Kevin Davis have filed petitions to invoke our "all writs" jurisdiction, see art. V, § 3(b)(7), Fla. Const., seeking review of decisions from the First and Third District Courts of Appeal denying a petition for writ of certiorari (Stallworth) and a petition for writ of habeas corpus/belated appeal (Davis). Petitioner Thomas Kitt has filed a notice to invoke our discretionary jurisdiction, pursuant to article V, section 3(b)(3), Florida Constitution, seeking review of a decision of the First District denying a petition for writ of certiorari. Petitioner Thomas Lee Anderton has filed a petition for writ of habeas corpus, see art. V, § 3(b)(9), Fla. Const., seeking review of a decision from the Fifth District Court of Appeal denying a petition for writ of habeas corpus. We consolidate these cases for purposes of this opinion and, for the reasons expressed below, dismiss the petitions filed by petitioners Stallworth, Davis, and Anderton, and dismiss review in petitioner Kitt's case.
The decision from the First District in petitioner Stallworth's case, which he challenges in his petition filed in this Court, reads in its entirety: "PER CURIAM. DENIED." Stallworth v. Moore, 812 So.2d 412 (Fla. 1st DCA 2002) (table case). It is clear from the allegations made by petitioner Stallworth in his petition in this Court that the certiorari proceeding, which culminated in the First District's decision in his case, was initiated in that court in accordance with the dictates of this Court's decision in Sheley v. Florida Parole Commission, 720 So.2d 216 (Fla.1998), in which we agreed with the First District and held that, once an inmate has had full review on the merits in the circuit court of an administrative agency decision, he or she is not entitled to a second plenary appeal of the agency decision in the district court of appeal. See id. at 217-18. Although petitioner Stallworth's petition in this Court primarily focuses on why he believes the Department of Corrections erred in determining that he was guilty of the prison disciplinary infraction of possession of a weapon, the allegations set forth in that portion of his petition entitled "Exhaustion of Remedies," which includes a recitation of the procedural history of the certiorari proceedings in the First District, as well as the attachment to his petition of copies of both the First District's per curiam opinion in his case and the First District's order denying his motion for rehearing directed to the per curiam opinion, indicate that petitioner Stallworth intends for his petition in this Court to be the next step in the review process relative to the disciplinary infraction finding of guilt, as opposed to a true original writ proceeding.
The decision from the First District in petitioner Kitt's case, like the decision from that court in petitioner Stallworth's case, reads in its entirety: "PER CURIAM. DENIED." Kitt v. Moore, 812 So.2d 409 (Fla. 1st DCA 2002) (table case). It is clear from petitioner Kitt's notice to invoke that the certiorari proceeding, which culminated in the First District's decision in his case, was also initiated in accordance with the dictates of Sheley to review an order of the circuit court dismissing a petition for writ of habeas corpus in which petitioner Kitt had challenged *976 the Florida Parole Commission's decision to place him on conditional release.[1]
The decision from the Third District in petitioner Davis's case reads in its entirety:
Following review of the petition for writ of habeas corpus/belated appeal review and the response and reply thereto, it is ordered that said petition is hereby denied.
Petitioner Davis alleges in his petition in this Court that the Third District's decision in his case conflicts with this Court's decision in McCray v. State, 699 So.2d 1366 (Fla.1997). Petitioner Davis asserts in his petition that we appeared to indicate in our decision in McCray that the defense of laches cannot be applied to bar a petition alleging ineffective assistance of appellate counsel, filed pursuant to Florida Rule of Appellate Procedure 9.141(c), if the petitioner affirmatively alleges under oath that he was misled about the results of the appeal by appellate counsel.[2] Petitioner Davis asserts in his petition that the Third District's decision in his case was erroneously based on the State's assertion of the defense of laches, even though he had affirmatively alleged under oath in his petition that he had been misled about the results of his appeal by appellate counsel.
The decision from the Fifth District in petitioner Anderton's case reads in its entirety:
ORDERED that the PETITION FOR WRIT OF HABEAS CORPUS, filed April 11, 2002, is denied.
It is clear from petitioner Anderton's petition in this Court that the habeas corpus proceeding, which culminated in the Fifth District's decision in his case, was initiated as a challenge to a lower court's denial of a motion to set bond in an ongoing criminal case. See, e.g., Leichtman v. Singletary, 674 So.2d 889, 892 n. 1 (Fla. 4th DCA 1996) ("Habeas corpus remains available... to test pretrial detention and the denial of pretrial bond or excessive pretrial bond...."). Petitioner Anderton asserts in his petition in this Court that the Fifth District's decision not only conflicts with other district court decisions made in circumstances similar to those presented by his case but also resulted from a failure of the Fifth District to properly apply certain relevant case law from this Court. He specifically asks this Court to quash the Fifth District's order denying relief in his case.
The decisions from the district courts of appeal in all of these cases are identical in substance, if not in form. They are all per curiam denials of relief issued without opinion or explanation. The fact that the decisions from the First District in both petitioner Stallworth's and petitioner Kitt's cases were issued in opinion form, while the decisions in petitioner Davis's and petitioner Anderton's cases were issued by unpublished order, makes no difference in terms of our jurisdictional analysis.
These cases collectively present this Court with the opportunity to once again clarify the limited scope of its discretionary jurisdiction, this time with regard to unelaborated per curiam denials by the district courts of appeal in cases initiated either by extraordinary writ petitions[3] or *977 by petitions filed pursuant to Florida Rule of Appellate Procedure 9.141(c). While none of this Court's prior decisions addressing the limited scope of our discretionary jurisdiction following the 1980 amendment to article V, section 3 of the Florida Constitution specifically addressed the jurisdictional question presented by the subject cases, the reasoning behind those cases clearly supports the conclusion that this Court does not have jurisdiction to review the kind of unelaborated per curiam denials of relief at issue in the subject cases.[4]
In Jenkins v. State, 385 So.2d 1356 (Fla. 1980), this Court, after discussing at length the history and purpose of the 1980 amendment to article V, section 3 of the Florida Constitution, which restricted the scope of this Court's discretionary review jurisdiction, held that this Court "lacks jurisdiction to review per curiam decisions of the several district courts of appeal of this state rendered without opinion, regardless of whether they are accompanied by a dissenting or concurring opinion, when the basis for such review is an alleged conflict of that decision with a decision of another district court of appeal or of the Supreme Court." Id. at 1359. The decision of the district court at issue in Jenkins was a majority opinion which read in its entirety "Per Curiam Affirmed," known in common parlance both then and now as a "PCA," which was accompanied by a lengthy and comprehensive dissenting opinion reciting certain facts of the case and disagreeing with the result reached by the majority. See Jenkins, 385 So.2d at 1357; see also Jenkins v. State, 382 So.2d 83, 83-88 (Fla. 4th DCA 1980) (Hurley, J., dissenting).
Less than a month after the opinion in Jenkins issued, this Court extended its reasoning to those circumstances where review was sought from an unelaborated per curiam dismissal by a district court of appeal. See Pena v. Tampa Federal Savings & Loan Ass'n, 385 So.2d 1370 (Fla. 1980). In Pena, this Court dismissed review based on the conclusion that an order which merely granted a motion to dismiss and dismissed an appeal, without any explanation of the reason for the dismissal, did not present this Court with a decision in which express and direct conflict could be found as required by article V, section 3(b)(3) of the Florida Constitution, such that the Court's discretionary jurisdiction pursuant to that provision had been properly invoked. See id. at 1370.
In St. Paul Title Insurance Corp. v. Davis, 392 So.2d 1304 (Fla.1980), this Court again extended the reasoning of Jenkins to those circumstances where a party sought to evade the decision in Jenkins by seeking review of a PCA by way of *978 a petition to invoke this Court's "all writs necessary" jurisdiction set forth in article V, section 3(b)(7) of the Florida Constitution. This Court explained its reasoning in St. Paul as follows:
We will not allow the "all writs necessary" provision of section 3(b)(7) to be used to circumvent the clear language of section 3(b)(3) and our holding in Jenkins v. State that we lack jurisdiction to review per curiam decisions of the several district courts of appeal of this state rendered without opinion when the basis for such review is an alleged conflict of that decision with another. The all writs provision of section 3(b)(7) does not confer added appellate jurisdiction on this Court, and this Court's all writs power cannot be used as an independent basis of jurisdiction as petitioner is hereby seeking to use it.
St. Paul, 392 So.2d at 1304-05.
Almost twenty years after the decision in St. Paul, this Court clarified, in Grate v. State, 750 So.2d 625 (Fla.1999), that the reasoning of St. Paul extended to all extraordinary writ petitions and not just those seeking to invoke this Court's "all writs" jurisdiction. In Grate, the petitioner filed a petition for a writ of mandamus which sought review of an affirmance by the Third District, issued without opinion, of a trial court order denying the petitioner's motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. See id. at 625. In his petition, petitioner Grate alleged that the district court's decision in his case was inconsistent with an opinion of this Court, and he asserted that he had no avenue available to him for seeking review of the district court's decision other than a petition for an extraordinary writ, because the district court had not provided any form of written opinion supporting its per curiam affirmance. See id. at 626. After discussing the decisions in both Jenkins and St. Paul, this Court concluded that it was without jurisdiction to entertain petitioner Grate's petition and explained its reasoning as follows:
Regardless of how a petition seeking review of a district court decision is styled, this Court does not have jurisdiction to review per curiam decisions rendered without opinion and this Court's holding in Jenkins cannot be circumvented simply by seeking relief by filing an extraordinary writ petition. Therefore, today we extend this Court's ruling in St. Paul and hold that those provisions of the Florida Constitution governing this Court's jurisdiction to issue extraordinary writs may not be used to seek review of an appellate court decision issued without a written opinion.
Id.
While neither Jenkins, Pena, St. Paul, nor Grate specifically addressed the question of whether this Court has discretionary review jurisdiction or extraordinary writ jurisdiction to review the kind of unelaborated per curiam denials at issue in the subject cases, the reasoning behind the decisions in all of these cases leads inescapably to the conclusion that we do not have jurisdiction to review the kinds of decisions of which the four subject cases are representative. In the interest of clarity, we therefore hold that this Court does not have discretionary review jurisdiction or extraordinary writ jurisdiction to review per curiam denials of relief, issued without opinion or explanation, whether they be in opinion form or by way of unpublished order.
Accordingly, we hereby dismiss the "all writs" and extraordinary writ petitions filed by petitioners Stallworth, Davis, and Anderton and dismiss review in petitioner Kitt's case. Consistent with both the express provisions of Florida Rule of Appellate Procedure 9.330(d) and this Court's *979 interpretation of that rule as applied to extraordinary writ petitions seeking review of per curiam decisions issued without written opinion,[5] no motions for rehearing or clarification will be entertained in these cases or in cases which are dismissed in the future based on the reasoning set forth in this opinion.
It is so ordered.
ANSTEAD, C.J., WELLS,
PARIENTE, and QUINCE, JJ., and HARDING, Senior Justice, concur.
SHAW and LEWIS, JJ., concur in result only.
NOTES
[1] The conditional release program, see § 947.1405, Fla. Stat. (2000), is "an additional post-prison supervision program for certain types of offenders that the legislature has determined to be in need of further supervision after release." Rivera v. Singletary, 707 So.2d 326, 327 (Fla.1998).
[2] We merely explain here petitioner Davis's characterization of our opinion in McCray without actually passing on whether that characterization constitutes an accurate reading of that opinion.
[3] While certiorari proceedings have taken on the character of appellate review proceedings in the district courts of appeal, they are still properly considered original extraordinary writ proceedings. See Philip J. Padovano, Florida Appellate Practice § 28.1, at 597 (2d ed.1997) (pointing out that "Rule 9.100 of the Florida Rules of Appellate Procedure outlines the requirements that apply to the extraordinary remedies of mandamus, prohibition, quo warranto, certiorari, habeas corpus, and all writs necessary to the complete exercise of appellate jurisdiction") (emphasis added).
[4] In fact, it is already this Court's practice to dismiss cases in which the petitioner seeks review of an unelaborated per curiam denial of relief, such as are at issue in the subject cases. This opinion is written to clarify this Court's conclusion, already implemented in practice, that it does not have jurisdiction in such cases. We feel that such an opinion is necessary at this time because, since this Court adopted the rule-based procedure for seeking belated appeals or alleging ineffective assistance of appellate counsel set forth in Florida Rule of Appellate Procedure 9.141(c) and since this Court decided Sheley v. Florida Parole Commission, 720 So.2d 216 (Fla.1998), we have seen an increase in both extraordinary writ petitions and notices to invoke seeking review of the kind of unelaborated per curiam denials of relief at issue here.
[5] We note that we asked the Appellate Court Rules Committee in March of 2001 to consider proposing an amendment to the appellate rules, in its next regular-cycle submission to the Court, relative to motions for rehearing not being authorized in extraordinary writ petition cases which merely sought review of per curiam decisions issued without written opinion. In Amendments to Florida Rules of Appellate Procedure, 827 So.2d 888, (Fla. 2002), we approved an amendment to Florida Rule of Appellate Procedure 9.330(d), amending the language in this rule to make clear that motions for rehearing will not be entertained by this Court in cases where an extraordinary writ petition has been dismissed because it seeks review of a district court decision issued without opinion.