882 So.2d 986 (2004)
R.J. REYNOLDS TOBACCO COMPANY, Petitioner,
v.
Florence KENYON, etc., Respondent.
No. SC03-1577.
Supreme Court of Florida.
September 2, 2004.
*987 E.C. Deeno Kitchen and James P. Judkins of Kitchen, Judkins, Simpson and High, Tallahassee, FL; Sylvia H. Walbolt of Carlton Fields, St. Petersburg, FL; Benjamin H. Hill, III of Hill, Ward and Henderson, P.A., Tampa, FL; and Stephanie E. Parker of Jones Day, Atlanta, GA, for Petitioner.
Howard M. Acosta, St. Petersburg, FL; Kent G. Whittemore and Bruce H. Denson of Whittemore Denson, P.A., St. Petersburg, FL; and Charles P. Schropp of Schropp, Buell and Elligett, P.A., Tampa, FL, for Respondent.
PER CURIAM.
Petitioner, R.J. Reynolds Tobacco Company ("R. J. Reynolds"), filed a petition seeking to invoke our "all writs" jurisdiction. See art. V, § 3(b)(7), Fla. Const. Although R.J. Reynolds frames its argument as a request for clarification of our recent amendment to Florida Rule of Appellate Procedure 9.330(a), the petition essentially seeks review of the Second District Court of Appeal's order denying R.J. Reynolds' motion for a written opinion. *988 We dismiss the petition because this Court lacks jurisdiction to review the district court of appeal's order. We write in this case to clarify that our recent amendment to rule 9.330(a) does not alter the jurisdictional restrictions that prevent this Court from reviewing a district court of appeal's decision issued without an opinion or an explanation that would give this Court jurisdiction. See art. V, § 3(b)(3), Fla. Const.; art. V, § 3(b)(4), Fla. Const.; Grate v. State, 750 So.2d 625, 626 (Fla.1999). Additionally, we hold that henceforth this Court will dismiss all extraordinary writ petitions, regardless of how they are designated, requesting that this Court review a district court's denial of a request for a written opinion made pursuant to rule 9.330(a), where the denial does not include any elaboration, citation, or explanation that would give this Court jurisdiction.

FACTS
The Second District Court of Appeal affirmed a ruling of the trial court in an opinion that read "PER CURIAM. Affirmed." See R.J. Reynolds Tobacco Co. v. Kenyon, 856 So.2d 998 (Fla. 2d DCA 2003) (table). Following the affirmance, R.J. Reynolds moved the Second District for rehearing, rehearing en banc, certification, and for issuance of a written opinion pursuant to rule 9.330(a). The Second District denied all of R.J. Reynolds' motions, including its motion for a written opinion, in an order that simply read, "[R. J. Reynolds'] motion for rehearing, rehearing en banc, certification and issuance of a written opinion is hereby denied." R.J. Reynolds then petitioned this Court, seeking to invoke our "all writs" jurisdiction.
In the petition, R.J. Reynolds asks this Court to clarify the standards to be used by the district courts in ruling on a request for a written opinion made pursuant to the recent amendment to rule 9.330(a). See Amendments to Florida Rules of Appellate Procedure, 827 So.2d 888, 889 (Fla.2002). R.J. Reynolds argues that giving it "the `right' to request a written opinion when it has objectively identified several legitimate bases for Supreme Court review  but then allowing the district court to summarily deny this request and preclude further review of its decision  effectively renders the amendment to rule 9.330(a) a nullity."
R.J. Reynolds also asks this Court to direct the Second District Court of Appeal to reconsider its decision not to issue an opinion in light of any such clarification. However, most of the petition is devoted to argument on the underlying merits of its case. For example, R.J. Reynolds argues that the district court abused its discretion in denying the motion requesting a written opinion and then argues why a written opinion is necessary so that this Court can reach the underlying issues involved in the case.[1]

ANALYSIS
We begin our analysis with a discussion of the recent amendment to rule 9.330(a) relied on by R.J. Reynolds in its petition. In response to a report submitted by the Court's appointed Judicial Management Council Committee on Per Curiam Affirmances, we amended rule 9.330(a) "to allow a litigant to request, as part of a motion for rehearing, that a district court of appeal issue an opinion in a case where that court has issued a decision without opinion." Amendments to Florida Rules of Appellate Procedure, 827 *989 So.2d at 889.[2] Nothing in the amendment to rule 9.330(a) mandates that a district court of appeal issue a written opinion upon request of a party. In fact, by leaving the final decision on whether to issue a written opinion to the district court of appeal, the amendment preserves the inherent discretion of that court to issue a written opinion when, in its reasoned judgment, a written opinion is required. Thus, the amendment does not alter this Court's previous conclusion that it lacks the authority to require a district court to write an opinion when the district court has determined that no opinion is necessary. See Sch. Bd. of Pinellas Co. v. District Ct. of Appeal, 467 So.2d 985, 986 (Fla.1985) (stating that the Court could "find no authority for this Court to require a written opinion" and denying petition for a writ of mandamus requesting that this Court direct the district court to write an opinion replacing its prior decision).
We have held on a number of occasions that it is improper for a party to seek to circumvent the restrictions on this Court's jurisdiction by filing a petition for extraordinary relief. See generally Persaud v. State, 838 So.2d 529, 533 (Fla.2003) (holding that extraordinary writ jurisdiction may not be used to seek review of per curiam decisions of district courts of appeal that contain only citations to valid statutory provisions or to opinions that are not pending before Supreme Court, have not been reversed, and do not note a contrary holding); Stallworth v. Moore, 827 So.2d 974, 978 (Fla.2002) (holding that Court does not have discretionary review jurisdiction or extraordinary writ jurisdiction to review unelaborated per curiam denials of relief, regardless of whether the denials are in opinion form or by way of unpublished order); Grate, 750 So.2d at 626 (holding that the provisions of the Florida Constitution governing this Court's jurisdiction to issue extraordinary writs may not be used to seek review of an appellate court decision issued without a written opinion); St. Paul Title Insurance Corp. v. Davis, 392 So.2d 1304, 1304-05 (Fla.1980) (holding that the Court's power to issue "all writs" cannot be used to circumvent the Court's lack of jurisdiction to review per curiam decisions of the district courts of appeal rendered without opinion when the basis for such review is an alleged conflict). In the instant case, R.J. Reynolds frames its petition as seeking to invoke this Court's "all writs" jurisdiction. Despite this label, the petition is an attempt to obtain this Court's review of the unelaborated order denying the rule 9.330(a) motion and an attempt to have this Court compel the district court to write an opinion. Because the order denying the motion does not contain any citation, explanation, or elaboration, we have no jurisdiction to review the order. See Stallworth, 827 So.2d at 978. In Stallworth, this Court held that "this Court does not have discretionary review jurisdiction or extraordinary writ jurisdiction to review per curiam denials of relief, issued *990 without opinion or explanation, whether they be in opinion form or by way of unpublished order." Id. at 978.
In this case, there is no basis for the Court's discretionary jurisdiction to review the per curiam affirmance in the appeal or the unelaborated denial of the motion for a written opinion. Therefore, R.J. Reynolds' petition seeking to invoke the Court's "all writs" jurisdiction is improper. See Grate, 750 So.2d at 626.
In conclusion, if this Court were to exercise jurisdiction to review the district court's denial order for "an abuse of discretion" as R.J. Reynolds argues, the Court's jurisdictional restrictions would be circumvented because the Court would essentially be required to review the district court's initial per curiam affirmance in order to determine whether the denial of the motion was proper. Even though rule 9.330(a) has been expressly amended to allow a party to request a written opinion from a district court, that rule did not create an automatic right for a party to obtain a written opinion when requested.
Accordingly, we dismiss R.J. Reynolds' petition on the grounds that we lack jurisdiction. We reiterate that in the future we will dismiss all extraordinary writ petitions, regardless of how they are designated, in which the petition requests that this Court review a district court's denial of a request for a written opinion made pursuant to rule 9.330(a) and the denial does not include any elaboration, citation, or explanation that would give this Court jurisdiction.[3]
It is so ordered.
PARIENTE, C.J., with WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] Because we lack jurisdiction, we have not considered the merits of R.J. Reynolds' underlying arguments.
[2] The relevant portion of the amended rule reads, "When a decision is entered without opinion, and a party believes that a written opinion would provide a legitimate basis for supreme court review, the motion may include a request that the court issue a written opinion." Fla. R.App. P. 9.330(a). The rule goes on to state that "[i]f such a request is made by an attorney," it shall be accompanied by a signed statement by the attorney attesting to the fact that, in his or her "reasoned and studied professional judgment ... a written opinion will provide a legitimate basis for supreme court review" and explaining "with specificity why the supreme court would be likely to grant review if an opinion were written." Id.
[3] No motions for rehearing or clarification will be entertained in this case or in cases which are dismissed in the future based on the reasoning set forth in this opinion. See Fla. R.App. P. 9.330(d).