982 So.2d 1246 (2008)
Alan W. DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-8.
District Court of Appeal of Florida, Fifth District.
May 30, 2008.
*1247 Alan W. Davis, Gainesville, pro se.
No Appearance for Appellee.

ON PETITION FOR MANDAMUS
PER CURIAM.
Alan W. Davis originally appealed an order striking with prejudice his second amended rule 3.850 motion and barring him from any further pro se filings below. He was permitted to pursue his appeal in this court pro se. On March 11, 2008, we affirmed the ruling of the trial court per curiam and without a written opinion, as is our privilege to do. Mr. Davis then sought a rehearing, a written opinion and a rehearing en banc in accordance with rules 9.330 and 9.331, Florida Rules of Appellate Procedure. His motion was denied.
Mr. Davis thereafter filed a petition for writ of mandamus with the Florida Supreme Court seeking to have that body:
"[I]nform the lower court that their use of a PCA without comment ruling is not permitted under appeals filed under FlaRAppP 9.141(b)(2)(A) because the lower court has not ruled on the merits of the 3.850 petition; that they are to rule on the merits and that any ruling can and will be used against them in a court of law and the other co-conspirators associated with this case whether or not they decide to stop attempting to cover-up the criminal conduct of police, prosecutors, trial judges, Attorney Generals [sic] and their assistants and appellate judges by reversing appellants [sic] criminal conviction and ordering his emergency release.
The Florida Supreme Court transferred this case back to this court, directing that we consider the case as if it were filed before us in the first instance. The transfer order also noted that the transfer was not to be construed as an adjudication or comment on the merits of the petition, nor as a determination that our court has jurisdiction to consider it. Finally, the Supreme Court related that we are not to interpret the transfer of the case as an indication that we must reach the merits of the petition.
We note initially that we have no jurisdiction to consider the issuance of a mandamus order directed to ourselves. By virtue of its very definition, mandamus is inapplicable to the present circumstance. Mandamus is an original proceeding to enforce a clear legal right to the performance of a clear legal duty. See De Groot v. Sheffield, 95 So.2d 912 (Fla.1957). It is a discretionary writ by which one seeks to have a court direct another court or body to perform some act associated with that *1248 clear legal duty. Thus, a court cannot logically issue a writ of mandamus to itself. In order to accommodate the transfer order issued by our Supreme Court, however, we have considered Mr. Davis's petition and reject it.
The thrust of the petition seems to be that district courts of appeal have no authority to issue a per curiam affirmed opinion in a case seeking relief from a summary denial by a trial court of a motion for post-conviction relief. On a number of occasions our Supreme Court has indicated that there is no fundamental right to an appellate opinion. See, e.g., R.J. Reynolds Tobacco Co. v. Kenyon, 882 So.2d 986 (Fla.2004); Sch. Bd. of Pinellas County v. Dist. Court of Appeal, 467 So.2d 985 (Fla. 1985). Nothing contained in rule 9.141(b)(2)(D), Florida Rules of Appellate Procedure, changes that in the least. Thus, Mr. Davis has no "clear legal right to the performance of a clear legal duty" supporting his attempt to compel a written opinion.
Finally, nothing contained in Mr. Davis's latest filings would suggest that writing an opinion in his case would be appropriate. The trial judge found that his motion was based on "scurrilous and derogatory language," and in any event was entirely without merit. Additionally, the trial court noted that the motion was untimely. We see utterly no reason to disturb any of those rulings or to comment further on his case.
PETITION DENIED.
MONACO, LAWSON and EVANDER, JJ., concur.