# Supreme Court of Florida

_____

No. SC13-870
_____

**CECIL MATHEWS,**
Petitioner,

vs.

**MICHAEL D. CREWS, etc.,**
Respondent.

[January 23, 2014]

PER CURIAM.

Petitioner Cecil Mathews has filed a petition for writ of mandamus in this Court. Although the Florida Constitution authorizes this Court to issue "writs of mandamus," art. V, § 3(b)(8), Fla. Const., the basis for this Court to exercise this original extraordinary writ jurisdiction is extremely limited.

We dismiss Mathews' petition for writ of mandamus as unauthorized, as Mathews seeks to renew a time-barred and meritless challenge to his criminal conviction for second-degree murder on the basis that the assistant state attorney who signed the 2005 information and 2006 indictment was not authorized to do so because he lacked the statutorily required oath. We also take this opportunity to

clarify that mandamus is <u>not</u> the proper vehicle to seek review of an allegedly erroneous decision by a lower court and cannot be used to circumvent the constitutional restrictions on this Court's jurisdiction to review lower court decisions. In the future, when it is clear from the face of the petition that such relief is sought, as in this case, we will dismiss the petition as unauthorized.

## FACTS

Mathews is an inmate serving prison time in state custody. In a previous habeas corpus proceeding in the First District Court of Appeal (Case No. 1D13-0103), Mathews sought immediate release from incarceration on the basis that the assistant state attorney who had signed the information and indictment in his underlying criminal case, in which Mathews was charged with second-degree murder, was not authorized to sign informations and indictments because he did not have an oath on file, as required by section 27.181, Florida Statutes. The criminal charges in Mathews' case apparently stem from a December 2005 incident. The information was signed on December 30, 2005, and the indictment was signed in April 2006.

The First District denied Mathews' habeas petition in an unelaborated per curiam decision with only a citation to <u>Baker v. State</u>, 878 So. 2d 1236 (Fla. 2004). <u>Mathews v. Crews</u>, 109 So. 3d 824, 825 (Fla. 1st DCA 2013). In <u>Baker</u>, this Court held that petitions for writs of habeas corpus in non-capital cases cannot be used to

obtain relief as to claims that are time-barred under the Florida Rules of Criminal Procedure.

Mathews then filed a petition in this Court, seeking a writ of mandamus directed against the First District. He argues that he provided the First District with "evidence that cannot be refuted that proves the information and indictment in his case was [sic] signed by an unauthorized person." Mathews asks this Court to compel the First District to carry out its "legal ministerial duty" to grant him habeas corpus relief in the form of "immediate release" from incarceration.

**ANALYSIS**

It is well-settled that mandamus is neither the appropriate vehicle to seek review of an allegedly erroneous decision by another court, nor is it the proper vehicle to mandate the doing or undoing of a discretionary act. Migliore v. City of Lauderhill, 415 So. 2d 62, 63 (Fla. 4th DCA 1982), approved, 431 So. 2d 986 (Fla. 1983). Further, mandamus cannot be used to control or direct the manner in which another court shall act in the lawful exercise of its jurisdiction. State ex rel. N. St. Lucie River Drainage Dist. v. Kanner, 11 So. 2d 889, 890 (Fla. 1943).

Although a court may use its mandamus authority to compel a lower court to act in the exercise of its lawful jurisdiction, it cannot direct how the lower court should act. Id. If the action of a lower court is erroneous, a litigant may be able to obtain relief by seeking a review on appeal; or, if the lower court is a district court

of appeal, the litigant may be able to seek discretionary review in this Court, pursuant to article V, section 3(b)(3), of the Florida Constitution. However, the litigant may not obtain review of the lower court's decision through filing a petition for a writ of mandamus. See id.; Foley v. State, 969 So. 2d 283, 284 (Fla. 2007) (stating that this Court does not have jurisdiction to review unelaborated denials from the district courts of appeal that merely cite to a case not pending review in this Court, and that extraordinary writ petitions cannot be used to circumvent the method upon which review is sought in this Court). This Court has long explained that the extraordinary writ procedure is not a substitute for the appeal or discretionary review process. See Jenkins v. Wainwright, 322 So. 2d 477, 478 (Fla. 1975).

In this mandamus proceeding, Mathews seeks review of the First District's decision denying habeas corpus relief in case number 1D13-0103 based on this Court's decision in Baker. Mathews, 109 So. 3d at 825. Specifically, the First District, in the lawful exercise of its jurisdiction, denied Mathews' petition for a writ of habeas corpus, properly relying on precedent of this Court. See id. Through the filing of his petition for a writ of mandamus, Mathews asks this Court to compel the First District to grant him relief from his time-barred challenge to his criminal conviction and issue a writ of habeas corpus directing his immediate release from incarceration. However, mandamus is simply not available to review

an allegedly erroneous judicial decision and to compel a lower court to release an inmate from custody based on a time-barred and meritless claim that the assistant state attorney who signed the information and indictment in his underlying criminal case did not have an oath on file.

In addition, if Mathews had sought to invoke this Court's discretionary jurisdiction under article V, section 3(b)(3), of the Florida Constitution, to review the First District's decision, which denied his habeas petition and contained only a citation to a case not pending review in this Court without providing any other facts, this Court would have dismissed the petition for discretionary review based on lack of jurisdiction.  See Gandy v. State, 846 So. 2d 1141, 1144 (Fla. 2003). This Court would likewise have dismissed the petition for discretionary review if the First District's decision had been in the form of an unelaborated per curiam dismissal of Mathews' habeas petition, rather than a denial.  See Wells v. State, No. SC13-1346, slip. op. at 6-7 (Fla. Jan. 16, 2014).

We will not tolerate a litigant's misuse of our extraordinary writ jurisdiction to attempt to do what cannot be done through our discretionary jurisdiction set forth in article V, section 3(b)(3), of the Florida Constitution.  In recent years, this Court has received numerous mandamus petitions attempting to utilize our extraordinary writ jurisdiction for time-barred and often frivolous claims.  The vast majority of these petitions have been filed in this Court by pro se inmates renewing

- 5 -

time-barred challenges to their criminal convictions. Many of the claims asserted demonstrate that these inmates misapprehend the proper use of the writ of mandamus. Mandamus is a "narrow, extraordinary writ" used to compel the performance of a clear legal duty when there is no other adequate remedy available. See Huffman v. State, 813 So. 2d 10, 11 (Fla. 2000); Sica v. Singletary, 714 So. 2d 1111, 1112 (Fla. 2d DCA 1998).

We take this opportunity to caution all litigants that the writ of mandamus cannot be used to review an allegedly erroneous judicial decision. Moreover, mandamus or other writs cannot be used to circumvent the constitutional restrictions on this Court's jurisdiction to review certain types of district court of appeal decisions by extraordinary writ. See Persaud v. State, 838 So. 2d 529, 533 (Fla. 2003) (holding that a litigant may not obtain review through filing an extraordinary writ petition of a per curiam decision of a district court of appeal that merely cites to a case not pending review in this Court, or to a statute or rule of procedure); Stallworth v. Moore, 827 So. 2d 974, 978 (Fla. 2002) (holding that a litigant may not obtain review through filing an extraordinary writ petition of a per curiam denial of relief, issued by a district court of appeal without opinion or explanation, whether in opinion form or by way of unpublished order); Grate v. State, 750 So. 2d 625, 626 (Fla. 1999) (holding that a litigant may not obtain review through filing an extraordinary writ petition of a per curiam decision of a

district court of appeal rendered without opinion). To the extent that a writ of mandamus is sought to review an allegedly erroneous decision of a lower court, the petition for writ of mandamus will be dismissed as unauthorized, and repeated attempts to seek relief through filing petitions for such writs will subject the litigant to the imposition of sanctions.

## CONCLUSION

Consistent with the analysis in this opinion, we dismiss Mathews' petition for writ of mandamus because it is clear from the face of his petition that the petition seeks review of the First District's decision to deny habeas corpus relief for a time-barred and meritless challenge to his criminal conviction, which is an unauthorized use of the writ of mandamus. No motion for rehearing or clarification will be entertained. See Fla. R. App. P. 9.330(d).

It is so ordered.

POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

Original Proceedings – Mandamus

Cecil Mathews, pro se, Miami, Florida,

for Petitioner