# Third District Court of Appeal

## State of Florida

Opinion filed May 11, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-866
Lower Tribunal No. 16-3899

_____

**City of Miami,**
Petitioner,

vs.

**Village of Key Biscayne and Miami-Dade County,**
Respondents.

A Case of Original Jurisdiction -- Mandamus.

Victoria Méndez, City Attorney, John A. Greco, Deputy City Attorney, and Kerri L. McNulty, Assistant City Attorney, for petitioner.

Shubin & Bass, P.A., and John K. Shubin and Ian E. DeMello, for respondent Village of Key Biscayne; Abigail Price-Williams, Miami-Dade County Attorney, and Abbie Schwaderer Raurell and Richard D. Schevis, Assistant County Attorneys, for respondent Miami-Dade County.

Before ROTHENBERG, SALTER, and SCALES, JJ.

SCALES, J.

The City of Miami petitions this Court to issue a writ of mandamus requiring the trial court to rule on the City's motion to intervene. The trial court deferred ruling while the parties to the case below, plaintiff Village of Key Biscayne and defendant Miami-Dade County, complete conflict resolution proceedings under chapter 164 of the Florida Statutes. Because the trial court has no role in determining the City's participaton in the chapter 164 proceedings, we deny the City's petition.

**I. Background**

The City and the National Marine Manufacturer's Association (NMMA) entered into a License Agreement that authorized NMMA to conduct the Miami International Boat Show at a Virginia Key property (both uplands and submerged lands) known as the Miami Marine Stadium. The first such boat show occurred in February of 2016.

In order to construct floating docks for the boat show, NMMA applied to the County for a permit. The City consented to NMMA's permit application. On December 15, 2015, after public hearing, the Miami-Dade County Commission granted the application and issued the permit.

Days before the start of the boat show, the Village filed the lawsuit below against the County, seeking declaratory and injunctive relief. Among other things,

the Village's lawsuit alleged, pursuant to section 163.3215 of the Florida Statutes, that the County permit was in conflict with the County's Comprehensive Development Master Plan.

On March 8, 2016, the Village Council passed Resolution No. 2016-10, invoking the conflict resolution procedures of chapter 164 of the Florida Statutes. The purpose of chapter 164 is to allow a temporary cessation of litigation between governmental entities while they attempt to resolve their differences outside of the courtroom. The Village sought a conflict assessment meeting with the County alone.[1] On March 14, 2016, the trial court entered an agreed order to abate the Village's lawsuit pursuant to section 164.1041(1) of the Florida Statutes.

The conflict assessment meeting was scheduled for April 18, 2016. On April 11, 2016, the City filed an emergency motion to intervene in the litigation between the Village and the County. The City alleged in its motion that the Village violated chapter 164 by not providing notice to the City of the impending conflict assessment meeting; and the City sought through this effort at intervention to secure a place at the negotiation table. Essentially, the City's motion sought an order compelling the Village to include the City as a party to the chapter 164 proceedings.

---

[1] At a conflict assessment meeting, designated representatives of the conflicted governmental entities "shall discuss the issues pertaining to the conflict and an assessment of the conflict from the perspective of each governmental entity involved." § 164.1053(1), Fla. Stat. (2015).

On April 13, 2016, the trial court conducted a hearing on the City's motion to intervene, and on the morning of the April 18th conflict assessment meeting, the trial court entered an order in which the trial court deferred ruling on the City's motion. The City filed with this Court its petition for writ of mandamus to direct the trial court to rule on its motion to intervene.[2] In its petition, the City argues that it is an indispensable party to the chapter 164 proceedings and that the trial court therefore is required to (i) allow the City to intervene in the lawsuit, and (ii) compel the Village to include the City in chapter 164 proceedings.

## II. Analysis

### A. Chapter 164

As noted above, chapter 164 of the Florida Statutes is designed to provide Florida's governmental entities with a formal, out-of-court mechanism to resolve their conflicts. The governing body of the government initiating chapter 164's procedures – in this case, the Village Council of the Village of Key Biscayne – adopts a Resolution and sends both this Resolution and a letter to the chief administrator of the government with which it is in conflict. § 164.1052(1), Fla. Stat. (2015). In this instance, the Village gave notice to the County accordingly.

---

[2] The City also sought, and received from this Court, a temporary emergency stay of the chapter 164 proceedings.

4

Chapter 164 also provides that, if a government already has filed suit against another government and desires to use chapter 164's procedures, the governing body of the government that initiated the lawsuit must apply to the trial court to abate the court proceedings. § 164.1041(1), Fla. Stat. (2015). The parties have thirty days from the receipt of the initiating government's letter to conduct the conflict assessment meeting. § 164.1053(1), Fla Stat. (2015). Public notice must be given for the meeting. Id. Then, depending upon whether the parties succeed or fail in resolving their conflict, additional procedures ensue. See §§ 164.1053-1057, Fla. Stat. (2015).

For the purpose of the City's petition, the critical part of chapter 164 is section 164.1052(1). This provision governs notice to other governmental entities that might be affected by the outcome of the chapter 164 proceedings. This provision reads, in relevant part, as follows:

> The initiating governmental entity also shall mail a copy of the letter and resolution to any state, regional, or local governmental entities which, *in the determination of the initiating governmental entity*, may have a role in approving or implementing a particular element or aspect of any settlement of the conflict or whose substantial interests may be affected by the resolution of the conflict . . . . (emphasis added)

Pursuant to section 164.1052(2), only those governmental entities receiving the notice provided in section 164.1052(1) are entitled to participate in chapter 164 proceeedings.

The Village did not provide notice – or an invitation to participate in the conflict assessment meeting – to the City. The threshold issue before us is whether, and to what extent, Florida's courts are empowered to adjudicate a dispute regarding an initiating governmental entity's determination not to provide another governmental entity notice under section 164.1052(1).

### B. Mandamus Jurisdiction

This Court has jurisdiction to issue a writ of mandamus under article V, section 4(b)(3) of the Florida Constitution and rule 9.030(b)(3) of the Florida Rules of Appellate Procedure. Mandamus is issued to compel a trial court to perform a ministerial function, not a discretionary action. Bailem v. State, 984 So. 2d 604, 605 (Fla. 3d DCA 2008); Fraternal Order of Police v. Odio, 491 So. 2d 339, 340 (Fla. 3d DCA 1986) (Mem) ("A writ of mandamus may be issued only where a petitioner has demonstrated a clear legal right on its part, an indisputable legal duty on the part of the respondent, and the absence of another adequate remedy.").

### C. The Instant Case

The City's petition seeks a writ of mandamus requiring the trial court to allow the City's intervention into the Village's lawsuit against the County. Essentially, the City seeks an order compelling the Village to include the City in the chapter 164 proceedings initiated by the Village.

6

Below, the trial court declined to lift its abatement of the case in order to allow the City to intervene. At the April 13th hearing on the City's motion to intervene, the City suggested that the trial court employ the same type of "indispensable party" analysis applicable to judicial proceedings. The trial court correctly observed, however, that chapter 164 confers on the *initiating government* the decision to identify and notify the government with whom it is in conflict, as well as which other governments might participate in the proceedings.[3] Here, the Village identified only the County, the defendant in the Village's lawsuit, and not the City.

The trial court recognized that the Florida Legislature provided *no role* for judicial involvement in determining the participants in the chapter 164 proceedings. The trial court has no authority to compel the Village to send notice to the City under section 164.1052(1). As a result, this Court has no authority to direct the trial court, via writ of mandamus, to act on the City's motion to intervene.

Petition denied; stay vacated.

---

[3] The trial court also properly understood that it could entertain the City's motion to intervene at a later time in the court proceedings. Implicit in the trial court's deferral of the motion to intervene is its recognition that intervention would not trigger entitlement by the City to participate in the conflict assessment meeting.