# Third District Court of Appeal

## State of Florida

Opinion filed February 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2037
Lower Tribunal No. 22-20524-CA-01
_____

**Richard Klugh, et al.,**
Petitioners,

vs.

**City of Miami,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

A Case of Original Jurisdiction—Mandamus.

Grossman Roth Yaffa Cohen, P.A., and Stuart Z. Grossman and Alex Arteaga-Gomez; Maderal Byrne & Furst, PLLC, and Rachel Wagner Furst and Francisco R. Maderal, for petitioners.

George K. Wysong III, City Attorney, and Eric J. Eves, Assistant City Attorney Supervisor, for respondent.

Before EMAS, SCALES and GORDO, JJ.

SCALES, J.

Petitioners, putative class action plaintiffs below, Richard Klugh, Sara Wolfe and Joseph Kaiser (collectively, "Klugh") seek mandamus and/or certiorari relief directed toward an October 14, 2024 trial court order both granting respondent City of Miami's (the "City") motion for partial summary judgment and staying the case ("the Order"). Below, Klugh challenged the constitutionality of a City parking surcharge and, in the Order, the trial court found that, because Klugh's challenge was an "as applied," as opposed to a "facial," challenge, Klugh was required to exhaust administrative remedies as a condition precedent to bringing this action. To the extent Klugh's petition seeks a writ of mandamus, we dismiss the petition because Klugh's petition seeks a writ requiring the trial court to rule in a certain manner, and therefore, mandamus does not lie as a remedy. We also dismiss Klugh's petition for writ of certiorari for lack of jurisdiction because Klugh's petition fails to demonstrate the requisite irreparable harm.

*Relevant Background*

By an ordinance[1] adopted in 2004, the City imposed a fifteen percent surcharge on all parking transactions at City parking facilities that charge a fee. The ordinance delegated to the City Manager duties regarding collection

---

[1] See Miami, Fla. Code §§ 35-341-47 (2024).

2

of the surcharge. Accordingly, the City Manager, pursuant to the ordinance, instiued City of Miami Parking Surcharge Regulations, which provide for a parking surcharge administrator. The regulations also provide for remedies in the event a payor of the surcharge challenges this parking tax. Pursuant to the regulations, a payor must request from the parking surcharge administrator a refund of the surcharge amount within one year of the date the payor pays the surcharge. The regulations further provide that, if the parking surcharge administrator denies a refund request, the payor may appeal such a decision to the City Manager.

On October 26, 2022, Klugh, without having requested a refund from the parking surcharge administrator, filed the instant class action lawsuit[2] against the City. In the three-count complaint, Klugh sought (i) a class-wide refund for the levy of the parking surcharge, (ii) a declaratory judgment declaring the parking ordinance and surcharge regulations unconstitutional, and (iii) an injunction to cease the imposition of the surcharge.

As Klugh's pleading described, the City's parking surcharge ordinance was adopted pursuant to section 166.271 of the Florida Statutes. This enabling  statute allows a municipality to impose a parking tax under the following conditions: (i) the municipality must have a resident population of

_____

[2] The trial court has not certified the class at this time.

3

200,000 or more; (ii) the municipality must be located in a county with a population of more than 500,000; and (iii) more than twenty percent of the real property of the City is exempt from ad valorem taxation. § 166.271(1), Fla. Stat. (2022). Klugh alleges that the parking ordinance and resulting surcharge regulations are unconstitutional because they were implemented without the requisite statutory authorization. Specifically, Klugh alleges that, since at least 2017, the City has not meet the requirements of the enabling statute, because, according to Klugh, less than twenty percent of the real property in the City is exempt from ad valorem taxation.[3]

In the City's answer to Klugh's complaint, the City asserted, as affirmative defenses, that Klugh had failed to exhaust the administrative remedies outlined in the surcharge regulations by Klugh's failure to first apply to the parking surcharge administrator for a refund. On May 15, 2024, the City filed a motion for summary judgment on the issues of constitutionality

---

[3] During the proceedings below, the parties disputed how to interpret the enabling statute's twenty percent threshold. Ultimately, in an extensive January 12, 2024 order interpreting section 166.271, the trial court ruled in favor of Klugh's interpretation of the statute. The trial court construed the enabling statute such that the percentage of real property exempt from ad valorum taxes is computed by dividing the (i) total value of exempt real property by (ii) the total value of all assessed real property, as those figures are annually certified by the county property appraiser. The City suggested different, alternate computation methods. We express no opinion as to whether the trial court correctly construed the enabling statute.

4

and, in the alternative, on its defenses that Klugh had failed to exhaust administrative remedies. On June 19, 2024, Klugh both responded to the City's motion and filed a cross-motion for partial summary judgment on the City's exhaustion of administrative remedies affirmative defenses.

Without reaching the ultimate constitutional issue, the trial court entered the Order that granted the City's summary judgment motion and denied Klugh's cross-motion on the exhaustion issue. In its Order, the trial court found that Klugh's challenge to the City's parking ordinance constituted an "as-applied" challenge and, therefore, Klugh was required to exhaust administrative remedies as a condition precedent to filing the lawsuit. In the Order, the trial court stayed further court action and retained jurisdiction to decide the constitutional issue. In relevant part, the Order states:

> [A]s a matter of judicial policy (and **not** a matter of jurisdiction), [Klugh] must first exhaust administrative remedies before they seek relief in Circuit Court. If [Klugh does] not obtain the relief they seek in the administrative process, then of course [Klugh] may return to this Court to seek the full relief to which they believe they are lawfully entitled. In this way, the Circuit Court always retains its **exclusive** original jurisdiction to decide the legality of this tax dispute. . . . [T]he Court hereby stays this action pending [Klugh's] exhaustion of administrative remedies. . . . If [Klugh does] not receive full relief through the administrative process, they may come back to this Court and file a motion to lift the stay and continue this litigation.

Klugh then filed in this Court the instant Petition for Writs of Certiorari and/or Mandamus. The City responded with a motion to dismiss Klugh's

5

petition, arguing that mandamus does not lie as a remedy in this case and that this Court lacks jurisdiction to grant certiorari relief. We address each alternate remedy sought in Klugh's petition.

*Petition for Writ of Mandamus*

Mandamus is an extraordinary remedy available only when the lower tribunal fails to perform a purely ministerial duty; the remedy does not lie to force the lower tribunal to rule in a particular manner. Mathews v. Crews, 132 So. 3d 776, 778 (Fla. 2014). Citing to section 26.012 of the Florida Statutes, Klugh argues that, by requiring Klugh to exhaust administrative remedies, the circuit court skirts its ministerial obligation to adjudicate the legality of the challenged surcharge. § 26.012(2)(e), Fla. Stat. (2022) ("Circuit courts shall have exclusive original jurisdiction . . . [i]n all cases involving legality of any tax assessment or toll or denial of refund, except as provided in s.72.011[.]").

We agree with the City, though, that the trial court *has exercised* its exclusive jurisdiction in this case through numerous rulings over a two-year period, including its entry of the Order in which it expressly stated that it would, if necessary, address the constitutionality of the surcharge. The circuit court's ordering Klugh to first exhaust administrative remedies is not tantamount to the shirking of the circuit court's statutory obligation to

6

adjudicate the issue. Rightly or wrongly,[4] the Order merely requires that, before the circuit court decides the constitutional issue, Klugh must first pursue the administrative remedies provided for in the ordinance. See Sarnoff v. Fla. Dep't of Highway Safety & Motor Vehicles, 825 So. 2d 351, 357 (Fla. 2002).

We agree with the City that mandamus does not lie as a remedy in this case because, rather than seeking a writ compelling the trial court to exercise its jurisdiction, Klugh is essentially asking this Court to undo the manner in which the trial court has exercised its jurisdiction. This is not an appropriate use of mandamus. Mathews, 132 So. 3d at 779 (holding that the writ of mandamus cannot be used "to review an allegedly erroneous judicial decision"); City of Miami v. Vill. of Key Biscayne, 197 So. 3d 580, 583 (Fla. 3d DCA 2016) ("Mandamus is issued to compel a trial court to perform a ministerial function, not a discretionary action.").

We therefore dismiss the petition for writ of mandamus because the remedy does not lie in this situation.

*Petition for Writ of Certiorari*

---

[4] We express no opinion on whether the trial court committed legal error by requiring Klugh to exhaust the regulations' administrative remedies.

7

In the alternative, Klugh asks this Court to issue a writ of certiorari to quash the Order. To obtain certiorari relief, a petitioner must demonstrate that the challenged non-final order (i) departs from the essential requirements of law, (ii) results in material injury for the remainder of the case, and (iii) such injury cannot be corrected on appeal. Damsky v. Univ. of Miami, 152 So. 3d 789, 792 (Fla. 3d DCA 2014). The second two prongs of this rule, constituting irreparable harm, are jurisdictional and must be established first. Rodriguez v. Miami-Dade Cnty., 117 So. 3d 400, 404 (Fla. 2013). The Court does not reach the first prong, unless the jurisdictional prongs are established. Id.

We lack certiorari jurisdiction to review the Order because any injury sustained by the entry of the Order is remedial upon plenary appeal. See Miramar Marina Corp. v. Garcia, 316 So. 3d 746, 748 (Fla. 3d DCA 2021) ("Certiorari relief is generally unavailable when there is adequate redress on plenary appeal."). At most, the trial court's decision to require Klugh to exhaust administrative remedies may merely delay the resolution of Klugh's constitutional claim and, therefore, does not constitute irreparable harm. Rodriguez, 117 So. 3d at 405 ("[T]he continuation of litigation and any ensuing costs, time, and effort . . . does not constitute irreparable harm.");

8

School Bd. of Miami-Dade Cnty. v. C.A.F., 194 So. 3d 493, 497 (Fla. 3d DCA 2016).

Because Klugh has failed to establish this Court's certiorari jurisdiction, we are compelled to dismiss that portion of Klugh's petition seeking certiorari relief. Thus, we do not address, and express no opinion as to, whether the trial court departed from the essential requirements of law by entering the Order.

Petition dismissed.