880 So.2d 616 (2004)
Lawanda BYRD, Petitioner,
v.
STATE of Florida, Respondent.
No. SC03-284.
Supreme Court of Florida.
July 8, 2004.
*617 Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Assistant Public Defender, and Edward L. Harvey, Assistant Public Defender, Second Judicial Circuit, Tallahassee, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Robert Wheeler, Bureau Chief and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, FL, for Respondent.
PER CURIAM.
We originally accepted jurisdiction to review Byrd v. State, 834 So.2d 872 (Fla. 1st DCA 2002), pursuant to article V, section 3(b)(1) and 3(b)(3) of the Florida Constitution, on the ground that the district court's decision declared invalid a state statute and construed a provision of the state constitution. What we did not recognize at the time, and what neither party brought to our attention, was that the opinion declaring the statute invalid was signed by only one judge on the district court's three-judge panel; the other two judges concurred in the result (affirming the trial court's denial of Byrd's motion to dismiss) but did not join in the opinion. Thus, the opinion declaring the statute invalid was not the actual decision of the district court; it was the concurring opinion of one judge on the panel. Accordingly, we lack jurisdiction. See art. V, § 3(b)(1), Fla. Const. (providing this Court with mandatory jurisdiction to hear appeals from "decisions of district courts of appeal declaring invalid a state statute"); cf. Jenkins v. State, 385 So.2d 1356, 1359 (Fla.1980) ("[T]he language and expressions found in a dissenting or concurring opinion cannot support jurisdiction under section 3(b)(3) because they are not the decision of the district court of appeal."). This case is hereby dismissed.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.