926 So.2d 1262 (2006)
Isiah JACKSON, Appellant,
v.
STATE of Florida, Appellee,
Daly N. Braxton, Petitioner,
v.
State of Florida, Respondent.
Nos. SC04-410, SC04-1505.
Supreme Court of Florida.
March 30, 2006.
John G. Crabtree, Key Biscayne, FL, for Appellant (SC04-410).
Charles J. Crist, Jr., Attorney General, Robert R. Wheeler, Bureau Chief, Criminal Appeals, and Anne C. Conley, Assistant Attorney General, Tallahassee, FL, for Appellee (SC04-410).
Bernard Robert Ohle of Ohle and Ohle, St. Petersburg, FL, for Petitioner (SC04-1505).
*1263 Charles J. Crist, Jr., Attorney General, Robert R. Wheeler, Bureau Chief, Criminal Appeals and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, FL, for Respondent (SC04-1505).
PER CURIAM.
Appellants Isiah Jackson and Daly Braxton attempt to invoke this Court's mandatory review jurisdiction by claiming a district court of appeal inherently invalidated a state statute or provision of the state constitution by issuing an unelaborated per curiam decision in each of their cases. See art. V, § 3(b)(1), Fla. Const. We consolidate these cases for purposes of this opinion. For the reasons explained below, we hold that article V, section 3(b)(1) of the Florida Constitution does not authorize this Court's jurisdiction over unelaborated per curiam decisions issued by a district court of appeal.

Facts
On March 17, 2004, Isiah Jackson attempted to invoke this Court's jurisdiction by filing a pro se "Notice of Appeal." This notice of appeal was initially treated as a notice to invoke discretionary review and dismissed under Stallworth v. Moore, 827 So.2d 974 (Fla.2002). Jackson responded by filing a "Motion to Reclassify Defendant's Case As Filed: Notice of Appeal, Per App. Rule 9.030(a)(1)(A)(ii),"[1] in which he claimed this Court had "unfairly reconfigured" his claim for jurisdiction. This Court vacated its order dismissing Jackson's case, appointed counsel to represent Jackson, and ordered counsel to show cause why this mandatory review proceeding should not be dismissed for lack of jurisdiction. Jackson's appointed counsel filed a "Response to Order to Show Cause Why This Appeal Should Not Be Dismissed" on December 20, 2004, and the State filed a reply on January 24, 2005.
In the motion to reclassify his appeal, Jackson asserted jurisdiction on the grounds that the First District Court of Appeal inherently declared two Florida Statutes, as well as a provision of the Florida Constitution, invalid when it denied Jackson's motion to file a belated appeal following his criminal convictions.[2] *1264 Nothing in the district court's decision or the special master's report substantiated Jackson's claim that the trial court invalidated these laws. The First District issued an unpublished order in this case, stating only, "The petition seeking belated appeal is denied on the merits." See Jackson v. State, 868 So.2d 527 (Fla. 1st DCA 2004)(table case).
On July 29, 2004, Daly Braxton commenced a similar process by filing a "Notice to Invoke Discretionary Jurisdiction." This notice was treated as a petition for review and dismissed under Jenkins v. State, 385 So.2d 1356 (Fla.1980). Braxton responded by filing a "Motion for Clarification," in which he claimed this Court erred in dismissing his original complaint because he had asserted a basis for mandatory review jurisdiction under article V, section 3(b)(1) of the Florida Constitution.[3] On September 3, 2004, this Court vacated its order dismissing Braxton's initial notice to invoke discretionary jurisdiction under Jenkins and issued a second order dismissing Braxton's petition for review on the grounds that it did not appear jurisdiction was established under article V, section 3(b)(1) of the Florida Constitution. The September 3 order granted Braxton fifteen days to file a motion for reinstatement, which Braxton did by filing an "Initial Brief of Jurisdiction."[4] In this initial brief and its subsequent amendments, Braxton asserted jurisdiction, in part, on the grounds that the district court invalidated a state statute by affirming a trial court's decision that allegedly invalidated this law.[5] The First District's opinion *1265 stated only "Per Curiam Affirmed." The State filed a response to Braxton's claims on November 12, 2004, and Braxton filed a reply to the State's response on November 22, 2004.

Analysis
This Court has long recognized that it lacks jurisdiction over unelaborated per curiam decisions in the context of discretionary review jurisdiction. Today, we find that the analysis which led us to this determination applies just as readily to the context of mandatory review jurisdiction under article V, section 3(b)(1) of the Florida Constitution. Therefore, we determine that article V, section 3(b)(1) does not authorize this Court to review unelaborated per curiam decisions issued by the district court. By issuing an unelaborated per curiam decision, the district court has not "declared" a statute or constitutional provision invalid, as is required by the language of article V, section 3(b)(1) of the Florida Constitution. In the future, the clerk's office will administratively dismiss notices of appeal and petitions for discretionary review asserting jurisdiction over a district court's unelaborated per curiam decision.
More than twenty-five years have passed since this Court first held that unelaborated per curiam decisions do not constitute a decision of the district court of appeal sufficient to warrant discretionary review jurisdiction. In Jenkins v. State, 385 So.2d 1356, 1359 (Fla.1980), this Court held that "the Supreme Court of Florida lacks jurisdiction to review per curiam decisions of the several district courts of appeal ... rendered without opinion." We based this holding, first, on the language of article V, section 3(b)(3), which limits our jurisdiction to district court opinions that "expressly" conflict with another district court of appeal. In addition, we looked to the history surrounding this constitutional provision and the design of the Florida court system. We noted that "[i]t *1266 was never intended that the district courts of appeal should be intermediate courts." Id. at 1357 (quoting Ansin v. Thurston, 101 So.2d 808, 810 (Fla.1958)). Instead, the district courts were established to preserve the Florida Supreme Court's "function[] as a supervisory body in the judicial system for the State, exercising appellate power in certain specified areas essential to the settlement of issues of public importance and the preservation of uniformity of principle and practice." Id. at 1357-58. Likewise, when article V, section 3 was amended in 1980, the purpose behind these amendments was to ensure that this Court retained its supervisory role by limiting its jurisdiction and relieving its overburdened caseload. Id. at 1359.
In subsequent cases, we applied Jenkins to find that we lacked jurisdiction over unelaborated per curiam decisions in virtually all contexts of discretionary review. See, e.g., Stallworth v. Moore, 827 So.2d 974, 976-77 (Fla.2002) (finding that this Court's "all-writs" jurisdiction does not authorize it to review a district court's "per curiam denial[] of relief issued without opinion or explanation"); Grate v. State, 750 So.2d 625, 626 (Fla.1999) (stating that "[r]egardless of how a petition seeking review of a district court decision is styled, this Court does not have jurisdiction to review per curiam decisions rendered without opinion"). In fact, we have even applied Jenkins in the context of mandatory review. In Byrd v. State, 880 So.2d 616, 617 (Fla.2004), we determined that we lacked jurisdiction over a case in which a concurring opinion declared a statute invalid, because Jenkins required that the language warranting jurisdiction be included in the majority opinion.
Applying this same analysis to the cases at hand leads to the conclusion that article V, section 3(b)(1) does not authorize jurisdiction over a district court's unelaborated per curiam decision when the petitioner/appellant asserts jurisdiction on the grounds that a trial court allegedly invalidated a state statute or constitutional provision. While the language of article V, section 3(b)(1) does not require that the district court "expressly" declare a statute invalid, it still requires that the district court of appeal make a declaration. See art. V, § 3(b)(1), Fla. Const. (authorizing this Court's jurisdiction over "decisions of district courts of appeal declaring invalid a state statute or a provision of the state constitution").
In conclusion, we hold that article V, section 3(b)(1) of the Florida Constitution does not authorize this Court's jurisdiction over unelaborated per curiam decisions issued by a district court of appeal. As we have long recognized in the context of discretionary review jurisdiction and now apply to mandatory review jurisdiction, per curiam decisions issued without an opinion do not constitute a decision of a district court sufficient to establish jurisdiction under article V, section 3(b)(1) of the Florida Constitution. Therefore, we dismiss the notices of appeal and petitions for discretionary review filed in both Jackson and Braxton. We also hold that in the future, the clerk's office will dismiss notices of appeal and petitions for discretionary review asserting jurisdiction on similar grounds. No motions for rehearing or clarification will be entertained in these cases or in cases which are dismissed in the future based on the reasoning set forth in this opinion.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, QUINCE, CANTERO, and BELL, JJ., concur.
LEWIS, J., concurs in result only.
NOTES
[1] Florida Rule of Appellate Procedure 9.030(a)(1)(A)(ii) mirrors article V, section 3(b)(1) of the Florida Constitution. It states that "[t]he supreme court shall review, by appeal ... decisions of district courts of appeal declaring invalid a state statute or a provision of the state constitution."
[2] Jackson claims the district court declared two state statutes, as well as a state constitutional provision, invalid. He was convicted of three counts of sale of cocaine and resisting an officer without violence. He appealed his conviction in the First District Court of Appeal by filing a petition for a belated appeal on the grounds that his attorney ignored his timely request to appeal. The First District relinquished jurisdiction of Jackson's case to the trial court to allow the trial court to appoint a special master and determine whether Jackson was entitled to file a belated appeal. The special master held a hearing and determined that Jackson's right to appeal had not been compromised. The special master recognized that (1) no motion for a new trial was filed in Jackson's case; (2) the judge who sentenced Jackson informed him of his right to appeal; and (3) neither the transcript from the sentencing proceeding nor testimony from Jackson's defense counsel supported Jackson's claim that he had requested the right to appeal. On February 16, 2004, the First District Court of Appeal affirmed the special master's finding by filing an unpublished order stating only: "The petition seeking belated appeal is denied on the merits." See Jackson v. State, 868 So.2d 527 (Fla. 1st DCA 2004)(table case). Jackson timely appealed to this Court.

In this appeal, Jackson claims the district court declared invalid section 924.05, Florida Statutes (2004), which states that "[d]irect appeals provided for in this chapter are a matter of right." He also claims the district court declared invalid section 924.06, Florida Statutes (2004), which describes the type of judgments a criminal defendant may appeal, and article V, section 4(b)(1) of the Florida Constitution, which grants the district courts "jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts." Neither the First District's decision nor the special master's report expressly addressed these laws.
[3] In his "Notice to Invoke Discretionary Review," Braxton also asserted jurisdiction under article V, section 3(b)(3) of the Florida Constitution. Because the district court's decision in this case was an unelaborated per curiam decision, this Court does not have jurisdiction to review this claim. Jenkins v. State, 385 So.2d 1356 (Fla.1980).
[4] By order dated October 8, 2004, this Court recognized that Braxton's "`Initial Brief on Jurisdiction' with attachments has been treated as a motion for reinstatement."
[5] More specifically, Braxton claims that the trial court invalidated section 775.087, Florida Statutes (1993), by not convicting him under it. On March 23, 1995, a jury found Braxton guilty of one count of burglary with assault, a violation of section 810.02, Florida Statutes (1993), and one count of dealing in stolen property, a violation of section 812.019, Florida Statutes (1993). On April 7, 1995, the trial court held a sentencing hearing, which included a separate proceeding in which Braxton was sentenced as a habitual felony offender. The trial court recognized that Braxton's adult criminal history (i.e., nine arrests, twelve charges, seven felony convictions, two misdemeanor convictions, and multiple violations of community control) reflected a "total inability to comply with any law or authority" and that Braxton's crimes are "escalating in that more and more violence is becoming part of his method." Therefore, the court sentenced Braxton to concurrent sentences of forty years for burglary with assault and fifteen years for dealing in stolen property. Braxton appealed this sentence on the grounds that the facts at trial clearly established that he should have been convicted of burglary with a firearm, a violation of section 775.087, Florida Statutes. In fact, the first information filed in his case charged him with violating both sections 775.087 and 810.02, Florida Statutes. More than a month before trial, the State amended the information by removing all references to the use of the firearm and to a violation of section 775.087. Braxton alleges that it was improper for the trial court to allow the amendment of the information or limit the jury instructions to the crimes charged in the information or both. He claims that if he had been convicted under section 775.087, Florida Statutes, he would have been found guilty of a life felony, instead of a first-degree felony and would, therefore, not have been eligible for status as a habitual felony offender. Braxton appealed this sentence, first, by filing a "Motion to Correct an Illegal Sentence" in the trial court. On March 31, 2004, the trial court issued an order denying this motion. It found that Braxton's sentence as a habitual felony offender was proper, given the fact that he had neither been charged with nor sentenced under section 775.087, Florida Statutes. Braxton appealed this decision to the First District Court of Appeal, which affirmed the trial court's order by stating "Per Curiam Affirmed." Braxton then filed a motion for rehearing in the First District Court asking the court to certify his case as one of great public importance. The First District issued an order denying Braxton's motion on July 30, 2004.

In addition to his claims of statutory invalidity, Braxton alleges two other bases for jurisdiction, neither of which have merit. He claims the district court violated his constitutional right of access to the courts by rejecting his motion for rehearing in which he requested the First District write an opinion in his case. This argument is without merit. See Whipple v. State, 431 So.2d 1011, 1013-14 (Fla. 2d DCA 1983) (rejecting argument that district court's unelaborated per curiam affirmance of the trial court's decision thwarted right of access to the courts because the constitution's guarantee of a right to review does not extend to supreme court review); see also R.J. Reynolds Tobacco Co. v. Kenyon, 882 So.2d 986, 989 (Fla.2004) (recognizing that the district court has "inherent discretion" to decide whether to write an opinion, and this Court does not have authority to order a district court to write an opinion). He also claims the trial court erred in allowing the State to amend the information, and he cites a number of this Court's previous cases to support this. The only possible basis for jurisdiction here would be discretionary review jurisdiction, and we have long held that we do not have discretionary jurisdiction over unelaborated "per curiam affirmed" opinions. Jenkins, 385 So.2d 1356. These allegations are not sufficient to establish jurisdiction in this Court.