2 So.3d 89 (2008)
In re AMENDMENTS TO THE FLORIDA RULES OF APPELLATE PROCEDURE.
No. SC08-147.
Supreme Court of Florida.
November 13, 2008.
Rehearing Denied January 30, 2009.
John S. Mills, Chair, Appellate Court Rules Committee, Jacksonville, FL; Steven L. Brannock, Past Chair, Appellate Court Rules Committee, Holland and Knight, Tampa, FL; John F. Harkness, Jr., Executive Director, and Krys Godwin, Bar Staff Liaison, The Florida Bar, and David Miller of Broad and Cassel, Tallahassee, FL, for Petitioner.
Tamela I. Perdue of Stiles, Taylor and Grace, P.A., Tallahassee, FL, on behalf of Associated Industries of Florida; Representative Greg Evers, District One, Florida House of Representatives, Milton, FL; Senator Michael S. Bennett, The Florida Senate, Bradenton, FL; Keith Hetrick, General Counsel, for and on behalf of Florida Home Builders, and Frank E. Matthews of Hopping Green and Sams, P.A., Tallahassee, FL, Responding with comments as Proponents.
David M. Caldevilla and Edward P. de la Parte, Jr. of de la Parte and Gilbert, P.A., Tampa, FL, on behalf of Charlotte County, Florida; Elizabeth M. Hernandez, Coral Gables, FL, on behalf of City of Coral Gables, Florida; Harry Morrison, Jr., Tallahassee, FL, on behalf of Florida League of Cities, Inc.; Kenneth W. Buchman, Plant City, FL, on behalf of City of Plant City, Florida; V. Lynn Whitfield, North Miami, FL, on behalf of City of North Miami, Florida; Marion J. Radson, Gainesville, FL, on behalf of City of Gainesville, Florida; Jerry M. Gewirtz, Tampa, FL, on behalf of City of Tampa, Florida; Virginia Saunders Delegal, Tallahassee, FL, on behalf of Florida Association of Counties, Inc.; Donald T. Smallwood, Kissimmee, FL, on behalf of City of Kissimmee, Florida; Renee Francis Lee and Robert E. Brazel, Tampa, FL, on behalf of Hillsborough County, Florida; Herbert W.A. Thiele, Tallahassee, FL, on behalf of Florida Association of County Attorneys, Inc.; Carol Jean LoCicero and Deanna K. Shullman of Thomas and Lo-Cicero, PL, Tampa, FL, on behalf of Media General Operations, Inc., d/b/a The Tampa Tribune, WFLA-TV/News Channel 8 and WMBB-TV/News Channel 13, and NYT Management Services, Inc., publisher of the (Sarasota) Herald-Tribune, (Lakeland) Ledger, Gainesville Sun and (Ocala) Star-Banner; and Eve A. Boutsis of Nagin, Gallop and Figueredo, P.A., Village of Palmetto Bay, FL, on behalf of City of South Miami, Florida, and Village of Palmetto Bay, FL, Responding with comments as Opponents.
PER CURIAM.
The Florida Appellate Court Rules Committee (Committee) has filed in this Court its triennial report of regular-cycle proposed rule amendments in accordance with Florida Rule of Judicial Administration 2.140(b)(4). We have jurisdiction. See art. V, § 2(a), Fla. Const.

BACKGROUND
The Committee's regular cycle report proposes amendments to rules 9.010 (Effective Date and Scope); 9.130(a)(3)(C)(ii) (Proceedings to Review Non-Final Orders and Specified Final Orders; Applicability); 9.130(a)(3)(C)(iv); 9.130(a)(5); 9.140(c)(3) (Appeal Proceedings in Criminal Cases; Appeals by the State; Commencement); 9.200(a)(3) (The Record; Contents); 9.210(a)(5) (Briefs; Generally); 9.310(b)(2) (Stay Pending Review; Exceptions; Public *90 Bodies; Public Officers); 9.330(d) (Rehearing; Clarification; Certification; Exception; Review of District Court Decisions); 9.370 (Amicus Curiae); 9.430 (Proceedings by Indigents); 9.600(d) (Jurisdiction of Lower Tribunal Pending Review; Criminal Cases); 9.800 (Uniform Citation System); and form 9.900(j) (Prisoner's Motion and Affidavit to Proceed Without Prepayment of Court Costs and Fees).[1] As required by Florida Rule of Judicial Administration 2.140(b)(2), the proposed rule amendments were published in The Florida Bar News and on the internet website of The Florida Bar. Four comments were received by the Committee. The Executive Committee of the Florida Bar Board of Governors unanimously approved the proposed amendments. After submission, the proposed amendments were again published for comment. Several comments were filed with the Court, and a response to the comments was filed by the Committee. Having fully considered the Committee's report, the comments, and the Committee's response to the comments, we adopt the amendments proposed by the Committee with modifications as more fully discussed below. We also adopt sua sponte an amendment to rule 9.190(e)(1) (Judicial Review of Administrative Action; Stays Pending Review; Effect of Initiating Review) to provide consistency with the amendments proposed by the Committee.

AMENDMENTS
Rule 9.130(a)(3)(C)(ii) (Proceedings to Review Non-Final Orders and Specified Final Orders; Applicability) is amended to allow appeals from nonfinal orders granting, modifying, dissolving, or refusing to grant, modify, or dissolve writs of replevin, garnishment, or attachment. The amendment comports with the practice of a majority of the district courts of appeal and clarifies that such orders are directly appealable.
Rule 9.130(a)(3)(C)(iv) is amended to clarify that a nonfinal order determining a party's entitlement to an appraisal pursuant to an insurance policy is an immediately appealable nonfinal order.
Rule 9.130(a)(5) is amended to remove specific cross-references to other rules authorizing motions for relief from judgment. Instead, the cross-references will be replaced by the phrase "an authorized and timely motion for relief from judgment." The subdivision is also amended to clarify that motions for rehearing of orders granting or denying motions seeking relief from judgment do not toll the time for filing a notice of appeal.
Rule 9.210(a)(5) (Briefs; Generally) is amended to clarify that certificates of service and compliance are excluded from the computation of page limitations for briefs.
Rule 9.310(b)(2) (Stay Pending Review; Exceptions; Public Bodies; Public Officers) is amended to exclude proceedings to review administrative actions under the Administrative Procedure Act in which public bodies and public officers are party litigants from the automatic stay provisions of the rule. However, to give the rule flexibility in case the Legislature amends the Act, we modify the proposal by adding the phrase "or as otherwise provided by chapter 120, Florida Statutes." As modified the amendment adds the underlined language to the subdivision as follows:
(2) Public Bodies; Public Officers. The timely filing of a notice shall automatically operate as a stay pending review, except in criminal cases, in administrative actions under the Administrative *91 Procedure Act, or as otherwise provided by chapter 120, Florida Statutes, when the state, any public officer in an official capacity, board, commission, or other public body seeks review; provided that an automatic stay shall exist for 48 hours after the filing of the notice of appeal for public records and public meeting cases. On motion, the lower tribunal or the court may extend a stay, impose any lawful conditions, or vacate the stay.
We also sua sponte amend rule 9.190(e)(1) (Judicial Review of Administrative Action; Stays Pending Review; Effect of Initiating Review) to be consistent with these changes.
Rule 9.330(d) (Rehearing; Clarification; Certification; Exception; Review of District Court Decisions) is amended to make clear that no motions for rehearing or clarification may be filed from the dismissal of an appeal seeking to invoke the Court's mandatory jurisdiction when the appeal seeks to review a per curiam affirmance without opinion. This is done to reflect our holding in Jackson v. State, 926 So.2d 1262 (Fla.2006).
Rule 9.370 (Amicus Curiae) is amended to allow a potential amicus curiae, upon a party's attempt to invoke the Court's discretionary jurisdiction, to file a one-page notice with the Court indicating an intent to seek leave to file an amicus brief on the merits if the Court accepts jurisdiction. The notice will briefly explain why the case is of interest to the potential amicus and will assist the Court in ascertaining the relative importance of a case.
Rule 9.430 (Proceedings by Indigents) is amended to conform the rule to this Court's decision in In re Approval of Application for Determination of Indigent Status Forms for Use by Clerks, 910 So.2d 194 (Fla.2005), where we approved two applications for determination of indigent status forms for use by clerks of court. Specifically, the motion and affidavit of indigency procedure previously utilized is replaced by this new application procedure. However, to conserve judicial resources, we modify the Committee's proposal to only refer to the applications already adopted for use by circuit court clerks rather than adopting them as part of the appellate rules. Form 9.900(j), which previously contained the form of the motion and affidavit, is deleted. We also modify the Committee's proposal to amend rule 9.430 to include new subdivision (b), Original Proceedings. The rule is amended to include the new subdivision but requires parties initiating original proceedings, unless otherwise directed by the court, to file directly with the court a motion to proceed in forma pauperis rather than an application for determination of indigent status as proposed by the Committee. Motions to proceed in forma pauperis are currently used by our appellate court clerks to determine indigency in original proceedings and the new subdivision simply clarifies the procedure.
We hereby adopt the amendments to the Florida Rules of Appellate Procedure as set forth in the appendix to this opinion.[2] New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective on January 1, 2009, at 12:01 a.m.
It is so ordered.
WELLS, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
*92 QUINCE, C.J., concurs in part and dissents in part with an opinion.
CANADY and POLSTON, JJ., did not participate.
QUINCE, C.J., concurring in part and dissenting in part.
I agree with the majority's adoption of changes to all of the rules discussed with the exception of the changes to rule 9.310(b)(2) and rule 9.190(e)(1),[3] Florida Rules of Appellate Procedure. Rule 9.310(b)(2) presently provides for an automatic stay when the state, any public officer, board, commission, or other public body timely seeks appellate review.[4] The change espoused by the majority will eliminate the automatic stay in cases involving the Administrative Procedure Act. I do not believe that the committee has advanced a good reason for treating public entities involved in administrative cases differently from other public entities. Therefore, I would leave the rule as it presently stands.

APPENDIX

RULE 9.010. EFFECTIVE DATE AND SCOPE
These rules, cited as "Florida Rules of Appellate Procedure," and abbreviated "Fla. R.App. P.," shall take effect at 12:01 a.m. on March 1, 1978. They shall govern all proceedings commenced on or after that date in the supreme court, the district courts of appeal, and the circuit courts in the exercise of the jurisdiction described by rule 9.030(c); provided that any appellate proceeding commenced before March 1, 1978, shall continue to its conclusion in the court in which it is then pending in accordance with the Florida Appellate Rules, 1962 Amendment. These rules shall supersede all conflicting statutes and, as provided in Florida Rule of Judicial Administration 2.135130, all conflicting rules of procedure.

Committee Notes

[No Change]

RULE 9.130. PROCEEDINGS TO REVIEW NON-FINAL ORDERS AND SPECIFIED FINAL ORDERS
(a) Applicability.
(1)-(2) [No change]
(3) Appeals to the district courts of appeal of non-final orders are limited to those that
(A)-(B) [No Change]
(C) determine
(i) [No change];
(ii) the right to immediate possession of property;, including but not limited to orders that grant, modify, dissolve or refuse to grant, modify, or dissolve writs of replevin, garnishment, or attachment;
(iii) [No change];
(iv) the entitlement of a party to arbitration;, or to an appraisal under an insurance policy;
(v)-(viii) [No change]
(D) [No change]
(4) [No change]
(5) Orders entered on motions filed under Florida Rule of Civil Procedure 1.540, Small Claims Rule 7.190, Rule of Juvenile Procedure 8.270, and Florida Family Law Rule of Procedure 12.540 an authorized and timely motion for relief from judgment are reviewable by the method prescribed by this rule. Motions for rehearing directed to these orders will not toll the time for filing a notice of appeal.
*93 (6) [No change]
(b)-(h) [No change]

Committee Notes
1977 Amendment. [No change]
1992 Amendment. [No change]
1996 Amendment. [No change]
2000 Amendment. [No Change]
2008 Amendment. Subdivision 9.130(a)(3)(C)(ii) was amended to address a conflict in the case law concerning whether orders granting, modifying, dissolving, or refusing to grant, modify, or dissolve garnishments are appealable under this subdivision. Compare Ramseyer v. Williamson, 639 So.2d 205 (Fla. 5th DCA 1994) (garnishment order not appealable), with 5361 N. Dixie Highway v. Capital Bank, 658 So.2d 1037 (Fla. 4th DCA 1995) (permitting appeal from garnishment order and acknowledging conflict). The amendment is not intended to limit or expand the scope of matters covered under this rule. In that vein, replevin and attachment were included as examples of similar writs covered by this rule.
Subdivision (a)(3)(C)(iv) has been amended to clarify that nonfinal orders determining a party's entitlement to an appraisal under an insurance policy are added to the category of nonfinal orders appealable to the district courts of appeal.
Subdivision 9.130(a)(5) is intended to authorize appeals from orders entered on motions for relief from judgment that are specifically contemplated by a specific rule of procedure (e.g., the current versions of Florida Rule of Civil Procedure 1.540, Small Claims Rule 7.190, Florida Family Law Rule of Procedure 12.540, and Florida Rule of Juvenile Procedure 8.150 and 8.270).
Subdivision (a)(5) has been amended to recognize the unique nature of the orders listed in this subdivision and to codify the holdings of all of Florida's district courts of appeal on this subject. The amendment also clarifies that motions for rehearing directed to these particular types of orders are unauthorized and will not toll the time for filing a notice of appeal.

RULE 9.140. APPEAL PROCEEDINGS IN CRIMINAL CASES
(a)-(b) [No change]
(c) Appeals by the State.
(1)-(2) [No change]
(3) Commencement. The state shall file the notice prescribed by rule 9.110(d) with the clerk of the lower tribunal within 15 days of rendition of the order to be reviewed; provided that in an appeal by the state under rule 9.140(c)(1)(JK), the state's notice of cross-appeal shall be filed within 10 days of service of defendant's notice or service of an order on a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Copies shall be served on the defendant and the attorney of record. An appeal by the state shall stay further proceedings in the lower tribunal only by order of the lower tribunal.
(d)-(i) [No change]

Committee Notes

[No change]

Court Commentary

[No change]

Rule 9.190. Judicial Review of Administrative Action
(a)-(d) [No change]
(e) Stays Pending Review.
(1) Effect of Initiating Review. The filing of a notice of administrative appeal or a petition seeking review of administrative action shall not operate as a stay, except that such filing shall give rise to an automatic stay as provided in rule *94 9.310(b)(2) or chapter 120, Florida Statutes, or when timely review is sought of an award by an administrative law judge on a claim for birth-related neurological injuries.
(2)-(4) [No change]

Committee Notes

[No change]

RULE 9.200. THE RECORD
(a) Contents.
(1)-(2) [No change]
(3) Within 10 days of filing the notice of appeal, an appellant may direct the clerk to include or exclude other documents or exhibits filed in the lower tribunal. The directions shall be substantially in the form prescribed by rule 9.900(fg). If the clerk is directed to transmit less than the entire record or a transcript of trial with less than all of the testimony, the appellant shall serve with such direction a statement of the judicial acts to be reviewed. Within 20 days of filing the notice, an appellee may direct the clerk to include additional documents and exhibits.
(4) [No change]
(b)-(g) [No change]

Committee Notes

[No change]

RULE 9.210. BRIEFS
(a) Generally. In addition to briefs on jurisdiction under rule 9.120(d), the only briefs permitted to be filed by the parties in any one proceeding are the initial brief, the answer brief, a reply brief, and a cross-reply brief. All briefs required by these rules shall be prepared as follows:
(1)-(4) [No change]
(5) The initial and answer briefs shall not exceed 50 pages in length, provided that if a cross-appeal has been filed, the answer brief/initial brief on cross-appeal shall not exceed 85 pages. Reply briefs shall not exceed 15 pages in length; provided that if a cross-appeal has been filed, the reply brief shall not exceed 50 pages, not more than 15 of which shall be devoted to argument replying to the answer portion of the appellee/cross-appellant's brief. Cross-reply briefs shall not exceed 15 pages. Briefs on jurisdiction shall not exceed 10 pages. The tables of contents and the citations of authorities, and certificates of service and compliance, shall be excluded from the computation. Longer briefs may be permitted by the court.
(b)-(h) [No change]

Committee Notes

[No change]

Court Commentary

[No change]

RULE 9.310. STAY PENDING REVIEW
(a) [No change]
(b) Exceptions.
(1) [No change]
(2) Public Bodies; Public Officers. The timely filing of a notice shall automatically operate as a stay pending review, except in criminal cases, in administrative actions under the Administrative Procedure Act, or as otherwise provided by chapter 120, Florida Statutes, when the state, any public officer in an official capacity, board, commission, or other public body seeks review; provided that an automatic stay shall exist for 48 hours after the filing of the notice of appeal for public records and public meeting cases. On motion, the lower tribunal or the court may extend a stay, impose any lawful conditions, or vacate the stay.
(c)-(f) [No change]

*95 Committee Notes

[No change]

RULE 9.330. REHEARING; CLARIFICATION; CERTIFICATION
(a)-(c) [No change]
(d) Exception; Review of District Court Decisions. No motion for rehearing or clarification may be filed in the supreme court addressed toing:
(1) the dismissal of an appeal that attempts to invoke the court's mandatory jurisdiction under rule 9.030(a)(1)(A)(ii) when the appeal seeks to review a decision of a district court of appeal without opinion, or
(2) the grant or denial of a request for the court to exercise its discretion to review a decision described in rule 9.120030(a)(2)(A), or addressed to
(3) the dismissal of a petition for an extraordinary writ described in rule 9.100(a)030(a)(3) when such writ is used to seek review of a district court decision without opinion.

Committee Notes
1977 Amendment. [No change]
2000 Amendment. [No change]
2002 Amendment. [No change]
2008 Amendment. Subdivision (d) has been amended to reflect the holding in Jackson v. State, 926 So.2d 1262 (Fla. 2006).

RULE 9.370. AMICUS CURIAE
(a)-(c) [No change]
(d) Notice of Intent to File Amicus Brief in Supreme Court. When a party has invoked the discretionary jurisdiction of the supreme court, an amicus curiae may file a notice with the court indicating its intent to seek leave to file an amicus brief on the merits should the court accept jurisdiction. The notice shall state briefly why the case is of interest to the amicus curiae, but shall not contain argument. The body of the notice shall not exceed one page.

Committee Notes
1977 Amendment. [No change]
2008 Amendment. Subdivision (d) was added to establish a procedure for an amicus curiae to expeditiously inform the supreme court of its intent to seek leave to file an amicus brief on the merits should the court accept jurisdiction. This rule imposes no obligation on the supreme court to delay its determination of jurisdiction. Thus, an amicus curiae should file its notice as soon as possible after the filing of the notice to invoke the discretionary jurisdiction of the supreme court. The filing of a notice under subdivision (d) is optional and shall not relieve an amicus curiae from compliance with the provisions of subdivision (a) of this rule if the court accepts jurisdiction.

RULE 9.430. PROCEEDINGS BY INDIGENTS
(a) Motion and AffidavitAppeals. A party who has the right to seek review by appeal without payment of costs shall, unless the court directs otherwise, file a signed application for determination of indigent status with the clerk ofmotion in the lower tribunal, using an application form approved by the Supreme Court for use by circuit court clerks.with an affidavit showing the party's inability either to pay fees and costs or to give security therefor. For review by original proceedings under rule 9.100, unless the court directs otherwise, the party shall file the motion and affidavit with the court. If the motion is granted, the party may proceed without further application to the court and without either the prepayment of fees or costs in the lower tribunal or court or the giving of security therefor. The clerk of the lower *96 tribunal'sRreasons for denying the motionapplication shall be stated in writing and are reviewable by the lower tribunal. Review of decisions by the lower tribunal shall be by motion filed in the court.
(b) Original Proceedings. A party who seeks review by an original proceeding under rule 9.100 without the payment of costs shall, unless the court directs otherwise, file with the court a motion to proceed in forma pauperis. If the motion is granted, the party may proceed without further application to the court.
(bc) Incarcerated Parties.
(1) Presumptions. In the absence of evidence to the contrary, an appellate court may, in its discretion, presume that
(A) assertions in an affidavitapplication for determination of indigent status filed by an incarcerated party under this rule are true, and
(B) in cases involving criminal or collateral criminal proceedings, an incarcerated party who has been declared indigent for purposes of proceedings in the lower tribunal remains indigent.
(2) Non-Criminal Proceedings. Except in cases involving criminal or collateral proceedings, a motion and affidavitan application for determination of indigent status filed under this rule by a person who has been convicted of a crime and is incarcerated for that crime or who is being held in custody pending extradition or sentencing shall contain substantially the same information as required by rule 9.900(i)an application form approved by the Supreme Court for use by circuit court clerks. The determination of whether the case involves an appeal from an original criminal or collateral proceeding depends on the substance of the issues raised and not on the form or title of the petition or complaint. In these non-criminal cases, the court mayclerk of the lower tribunal shall require the party to make a partial prepayment of court costs or fees and to make continued partial payments until the full amount is paid.

Committee Notes
1977 Adoption. [No change]
2008 Amendment. Subdivision (b) was created to differentiate the treatment of original proceedings from appeals under this rule. Each subdivision was further amended to comply with statutory amendments to section 27.52, Florida Statutes, the legislature's enactment of section 57.082, Florida Statutes, and the Florida Supreme Court's opinion in In re Approval of Application for Determination of Indigent Status Forms for Use by Clerks, 910 So.2d 194 (Fla.2005).

RULE 9.600. JURISDICTION OF LOWER TRIBUNAL PENDING REVIEW
(a)-(c) [No Change]
(d) Criminal Cases. The lower tribunal shall retain jurisdiction to consider motions pursuant to Florida Rules of Criminal Procedure 3.800(b)(2) and in conjunction with post-trial release pursuant to rule 9.140(gh).

Committee Notes

[No Change]

RULE 9.800. UNIFORM CITATION SYSTEM
This rule applies to all legal documents, including court opinions. Except for citations to case reporters, all citation forms should be spelled out in full if used as an integral part of a sentence either in the text or in footnotes. Abbreviated forms as shown in this rule should be used if the citation is intended to stand alone either in the text or in footnotes.
(a)-(h) [No Change]
*97 (i) Florida Rules.
Fla. R. Civ. P. 1.180.
Fla. R. Jud. Admin. 2.035110.
Fla. R.Crim. P. 3.850.
Fla. R. Work. Comp. P. 4.113.
Fla. Prob. R. 5.120.
Fla. R. Traf. Ct. 6.165.
Fla. Sm. Cl. R. 7.070.
Fla. R. Juv. P. 8.070.
Fla. R.App. P. 9.100.
Fla. R. Med. 10.100.
Fla. R. Arb. 11.010.
Fla. Fam. L.R.P. 12.010.
Fla. Admin. Code R. 62D-2.014.
R. Regulating Fla. Bar 4-1.10.
Fla. Bar Found. By-Laws, art. 2.19(b).
Fla. Bar Found. Charter, art. III, § 3.4.
Fla. Bar Integr. R., art. XI, § 11.09.
Fla. Jud. Qual. Comm'n R. 9.
Fla. Std. Jury Instr. (Civ.) 6.4(c).
Fla. Std. Jury Instr. (Crim.) 2.03.
Fla. Std. Jury Instr. (Crim.) Robbery.
Fla. Stds. Imposing Law. Sancs. 9.32(a).
Fla. Bar Admiss. R. 3-23.1.
(j)-(p) [No change]

Committee Notes

[No change]

RULE 9.900. FORMS
(a)-(i) [No change]
(j) Prisoner's Motion and Affidavit to Proceed Without Prepayment of Court Costs and Fees.
IN THE (name of court)
Case No. =
Appellant(s)/
Plaintiff(s)/Petitioner(s),
v.
Appellee(s)/
Defendant(s)/
Respondent(s).

PRISONER'S MOTION AND AFFIDAVIT TO PROCEED WITHOUT PREPAYMENT OF COURT COSTS AND FEES
I, am a plaintiff/petitioner/appellant in the above-styled action. I have been convicted of a crime and am currently incarcerated for that crime, or I am being held in custody pending extradition or sentencing. Pursuant to § 57.085, Fla. Stat., I hereby apply for leave to proceed in this action without prepayment of court costs and fees.
I acknowledge that the custodian or the custodian's designee for my inmate trust account may withdraw funds from my account and transmit these funds to the clerk of the court, as directed by order of the court. These funds will be applied to any court costs or fees that the court requires me to pay in connection with this case. This acknowledgment applies to any institution in which I am or will be confined.
I am unable to pay court costs and fees. Under penalty of perjury, I swear or affirm that all statements in this affidavit are true and complete.
1. State your inmate number and the place and address of the institution where you are in prison or in custody.
*98 2. Are you presently employed? Yes () No ()
a. If yes, state your occupation, the amount of your monthly salary or wages, and your employer's address.
b. If no, state the time period of your last employment, your occupation, and the amount of monthly salary or wages received.
3. Have you received within the past twelve months any money from any of the following sources?
a. Business, profession, or self-employment? Yes () No ()
b. Rent, payments, interest, or dividends? Yes () No ()
c. Pensions, annuities, or life insurance? Yes () No ()
d. Gifts or inheritances? Yes () No ()
e. Any other source? Yes () No ()
If you answered yes to any of the above, describe each source and state amount received from each.
4. Do you own any cash, or do you have money in a checking, savings, or money market account? (Include funds in prison account.) Yes () No ()
If yes, state the amount of cash owned and the current balance(s) in each checking, savings, or money market account.
5. Do you own any real estate, stocks, bonds, notes, automobiles, or other tangible or intangible thing of value worth more than $100? Yes () No ()
If yes, describe each item of property and state its approximate value.
6. List the persons who are dependent upon you for support, state their ages and their relationship to you, and indicate how much you contribute toward their support.
7. State the nature and amount of any significant monthly expenses that you must pay, such as mortgage payments or rent.
8. List all of your significant debts, including the name of each person or entity to whom you owe the debt, the total amount owed, and monthly payment, if any.
9. During the past three years, have you been permitted two or more times to proceed without prepayment of court costs or fees in Florida or federal courts or adjudicatory forums, or to intervene in actions in these courts or adjudicatory forums without prepayment of court costs or fees, pursuant to Sections 57.081 or 57.085, Florida Statutes, or 28 U.S.C. § 1915? Yes () No ()
If yes, list below all suits, actions, claims, proceedings, or appeals that you have brought or intervened in during the past five years in any court or adjudicatory forum.
Name of Court, Case Number====- Nature-of--Disposition
If necessary, attach additional pages that reflect the required information.
 Signature of Appellant/
 Plaintiff/Petitioner
State of Florida
County of=
Sworn to and subscribed before me on
.....(date)..... by ......(name)......
 Notary Public State of Florida
 (Print, Type, or Stamp Commissioned
 Name Of Notary Public)
Personally known
*99 OR Produced Identification
Type of Identification Produced

FINANCIAL CERTIFICATE
(To be completed by authorized official of institution where prisoner is confined)
The prisoner must attach computer printout(s) reflecting all transactions in the prisoner's inmate trust account(s) for the preceding six months or for the period of incarceration, whichever is shorter. The prisoner has the responsibility to obtain the required printout(s) from each institution where the prisoner was or is confined and to provide the printout(s) to the official completing this certificate.
1. Name of prisoner
2. Current available account balance
3. Average highest availablemonthly balance for the preceding six months or for the period of incarceration, whichever is shorter.
4. Average available monthlydeposits for preceding six months or for the period of incarceration, whichever is shorter.
If printout(s) or the above calculations do not represent the preceding six month period in its entirety, the official completing this certificate should explain here:
I hereby certify that, as of this date, the above information for the inmate trust account of the prisoner named above is correct.
 Authorized official of institution
Date:

ORDER REQUIRING FURTHER INFORMATION FOR DETERMINATION OF PRISONER'S INDIGENCY
Based on a claim of indigency, Petitioner (Plaintiff) seeks a waiver of the filing fee in this matter of $____. Petitioner (Plaintiff) appears to be incarcerated for conviction of a crime or pending extradition or sentencing. The documents filed by Petitioner (Plaintiff) are insufficient to determine whether the Petitioner (Plaintiff) is indigent under Section 57.085, Florida Statutes. Petitioner (Plaintiff) must either pay the filing fee stated above or file the following items (as marked) with this tribunal within 45 days of the date of this order:
____ 1. Affidavit of indigency containing Petitioner's (Plaintiff's) identity and the financial information required by Section 57.085(2), Florida Statutes.
____ 2. Statement in the affidavit regarding whether the Petitioner (Plaintiff) has been determined to be indigent under Sections 57.081 or 57.085, Florida Statutes, or 28 U.S.C. § 1915 two or more times during the past three years and, if yes, a listing of all suits, actions, claims, proceedings, or appeals brought by the prisoner or intervened in by the prisoner in any court or adjudicatory forum during the past five years.
____3. Statement in the affidavit that "I am unable to pay court costs and fees. Under penalty of perjury, I swear or affirm that all statements in this affidavit are true and complete."
____4. Acknowledgment that funds will be withdrawn from the Petitioner's (Plaintiff's) inmate trust account.
____5. A copy of the Petitioner's (Plaintiff's) inmate trust account records for the past 6 months or the length of the Petitioner's (Plaintiff's) incarceration, whichever period is shorter. If Petitioner *100 (Plaintiff) has not had an inmate trust account during this time period, the Petitioner (Plaintiff) must submit signed documentation from prison or jail officials for each institution confirming that the Petitioner (Plaintiff) did not have a trust account.
____6. A financial certificate, signed by an authorized official of the Petitioner's (Plaintiff's) place of confinement, reflecting the current available account balance of the Petitioner's (Plaintiff's) inmate trust account and the average highest available monthly balance and average available monthly deposits in the trust account for the past 6 months or the length of the Petitioner's (Plaintiff's) incarceration, whichever period is shorter.
Completion of the enclosed or attached form will satisfy all of these requirements. Failure either to pay the filing fee in full or to comply with this order within 45 days from the date of this order may result in dismissal of this case. If the Petitioner (Plaintiff) has filed or intervened in more than one action, separate documents must be supplied for each action and the case number must appear on each submission.

ORDER ON PRISONER'S INDIGENCY
Based on a claim of indigency, Petitioner (Plaintiff) seeks waiver of prepayment of court costs and fees, pursuant to Section 57.085, Florida Statutes. Having reviewed the documents filed by Petitioner (Plaintiff), this tribunal finds that Petitioner (Plaintiff) is a prisoner as defined by Section 57.085(1), Florida Statutes, and orders as follows:

I. DETERMINATION OF INDIGENCY (check one)
___ A. NOT INDIGENT. The Petitioner (Plaintiff) is found not indigent because _____. The filing fee of $____ must be paid in full or this case will be dismissed. (skip Section II) (Note that Fla. R.App. P. 9.430 requires a statement of reasons for denying a request for indigency status.)
___ B. FULL WAIVER. Petitioner (Plaintiff) is indigent and unable to prepay court costs and fees. Petitioner (Plaintiff) is obligated to pay court costs and fees as specified in Section II below.
___ C. PARTIAL WAIVER. Petitioner (Plaintiff) is indigent but able to prepay part of the court costs and fees. Petitioner (Plaintiff) shall make, prior to any further proceedings, an initial partial payment of the greater of either (1) 80% of the current available balance of the Petitioner's (Plaintiff's) inmate trust account or (2) the greater of 20% of the average highest available monthly balance or the average available monthly deposits of the Petitioner's (Plaintiff's) inmate trust account for the preceding 6 months or the period of incarceration, whichever period is shorter. This tribunal determines this amount to be $____. Payment must be made within 45 days of the date of this order, or this case may be dismissed. Petitioner (Plaintiff) shall make monthly payments of the remaining court costs and fees as specified in Section II below.

II. PAYMENT OF COURT COSTS AND FILING FEES
The initial filing fee in this case is $ ____. The Department of Corrections or the local detention facility shall place a lien on the inmate's trust account for the full amount owed, withdraw money maintained in the trust account, and transmit the money to the clerk of the court until the Petitioner's (Plaintiff's) court costs and fees are paid in full. When the balance in the inmate's account is less than $10, the Department of Corrections or local detention *101 facility shall accumulate the funds and not transmit them to the clerk until the balance exceeds $10. Any dismissal of this case, transfer of the Petitioner (Plaintiff) to a different detention facility, or release of the Petitioner (Plaintiff) from custody shall not extinguish the lien or the Petitioner's (Plaintiff's) responsibility to pay the full amount owed.

Committee Notes
[No Change]
NOTES
[1] The Committee's report also includes new rule 9.050 (Maintaining Privacy of Personal Data). This proposal was referred to the Committee on Access to Court Records.
[2] In addition to the amendments discussed above, there are also several editorial and housekeeping amendments as reflected in the appendix.
[3] This rule is being amended to conform to the change made to rule 9.310(b)(2).
[4] The exception to this rule is criminal cases.