[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11883

Non-Argument Calendar

_____

CRAIG BERNARD KERRY,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cv-00365-PGB-LHP

_____

Before WILSON, LUCK, and MARCUS, Circuit Judges.

PER CURIAM:

Craig Kerry, a Florida state prisoner who proceeded *pro se* in the district court but has appointed counsel on appeal, appeals the district court's order dismissing his 28 U.S.C. § 2254 petition as untimely and, alternatively, denying it on the merits. We issued a certificate of appealability ("COA") on two issues: (1) whether the district court erred in dismissing Kerry's petition as untimely, when he claimed that he could not seek discretionary review in the Florida Supreme Court, based on the advice of counsel and prison law clerks; and (2) whether the district court erred in denying Kerry's claim that trial counsel was ineffective for failing to order a competency hearing when presented with evidence that he attended a special-needs school, received Social Security for mental and emotional disabilities, was institutionalized in a psychiatric hospital as a teenager, and had a family history of schizophrenia and bipolar disorder. After thorough review, we affirm.

When reviewing the district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact *de novo* and findings of fact for clear error. *Ferguson v. Sec'y, Dep't of Corr.*, 580 F.3d 1183, 1193 (11th Cir. 2009). The district court's interpretation and application of the one-year statute of limitations is a question of law that we review *de novo*. *Hepburn v. Moore*, 215 F.3d 1208, 1209 (11th Cir. 2000). We may affirm the denial of habeas

relief for any ground supported by the record. *Trotter v. Sec'y, Dep't of Corr.*, 535 F.3d 1286, 1291 (11th Cir. 2008).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on § 2254 actions that begins to run from the latest of several dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For a state prisoner who seeks U.S. Supreme Court review, his conviction becomes final when the U.S. Supreme Court denies *certiorari* or issues a decision on the merits. *Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236–37 (11th Cir. 2004). A state prisoner, however, generally must seek review from the state's highest court before he will receive the benefit of the 90-day period in which to seek *certiorari* review because the U.S. Supreme Court may only review a decision of the state's highest court. *Pugh v. Smith*, 465 F.3d 1295, 1300 (11th Cir. 2006). The conviction of a person who does "not appeal to the State's highest court" becomes "final when his time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

The Florida Supreme Court has discretionary jurisdiction to review the decisions of a Florida district court of appeal that, among other things, "directly conflict[] with a decision of another district court of appeal or of the supreme court on the same question of law" or that the district court of appeal certifies "to be in direct conflict with a decision of another district court of appeal." Fla. Const. art. V, § 3(b)(3)–(4). The Florida Supreme Court may

have jurisdiction to review a case that has "some statement or citation in the opinion that hypothetically could create conflict" with another opinion. *Florida Star v. B.J.F.*, 530 So. 2d 286, 288 (Fla. 1988).

Under Florida law, however, a state appellate court's unelaborated, *per curiam* affirmance of a conviction is not reviewable by the Florida Supreme Court under its discretionary review jurisdiction. *Jackson v. State*, 926 So. 2d 1262, 1265–66 (Fla. 2006); *see also Bates v. Sec'y, Dep't of Corr.*, 964 F.3d 1326, 1329 (11th Cir. 2020) (holding that Bates could not have sought direct review of his conviction in the Florida Supreme Court because the Second District Court of Appeal ("DCA") affirmed his conviction and sentence without elaboration in a *per curiam* opinion and, thus, was correctly afforded the 90-day grace period during which he could have petitioned the U.S. Supreme Court for review before the limitations period began); *Gandy v. State*, 846 So. 2d 1141, 1144 (Fla. 2003) (holding that the Florida Supreme Court lacked jurisdiction to review a *per curiam* unelaborated denial of relief from a DCA that merely cited to a case or statute without also containing a discussion of the facts of the case). This means that, in these circumstances, the state's DCA is the highest state court in which a prisoner can seek review, and a prisoner may seek review from the U.S. Supreme Court without first seeking review from the state supreme court. *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1274–75 (11th Cir. 2006) (applying the 90-day *certiorari* period from the date of the Florida DCA's judgment when determining when the petitioner's conviction became final and the statute of limitations period began).

Section 2244(d)(2) provides that the one-year time limit is tolled for any properly filed state collateral petitions or motions. 28 U.S.C. § 2244(d)(2). Beyond statutory tolling, the statute of limitations may be equitably tolled if a petitioner establishes that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of the petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010). We've held "that an attorney's negligence, even gross negligence, or misunderstanding about the law is not by itself a serious instance of attorney misconduct for equitable tolling purposes." *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1237 (11th Cir. 2017). "[A] petitioner ordinarily must bear the risk of attorney error and [] a garden variety claim of attorney negligence, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Id*. at 1223 (quotations omitted). Abandonment of the attorney-client relationship, however, "is an extraordinary circumstance that can, when coupled with reasonable diligence by the petitioner, justify equitable tolling, but attorney negligence or gross negligence, by themselves, are not." *Id*. at 1236–37 (concluding that the petitioner's attorney did not effectively abandon the petitioner when he misinterpreted a statute of limitations).

Generally, arguments raised for the first time on appeal that were not presented in the district court are deemed forfeited. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331–32 (11th Cir. 2004). Likewise, issues not raised in an initial brief are deemed forfeited and abandoned. *United States v. Campbell*, 26 F.4th 860, 871 (11th Cir.) (*en banc*), *cert. denied*, 143 S. Ct. 95 (2022). But we have

the discretion to resurrect forfeited issues *sua sponte* in the following "extraordinary circumstances": (1) the issue is a pure question of law and failing to consider it would result in a miscarriage of justice; (2) the appellant objects to an order that he had no opportunity to raise at the district court level; (3) consideration is in the interest of substantial justice; (4) the proper resolution is beyond any doubt; and (5) if the issue presents significant questions of general impact or of great public concern. *Id.* at 873.

Here, the district court did not err in dismissing Kerry's § 2254 petition as untimely. Notably, in Kerry's counseled brief on appeal, he now concedes -- although he contested it in district court -- that the district court correctly determined that his one-year limitations period to file his § 2254 petition began to run on January 3, 2018, which is 30 days after the Fifth DCA decision in his direct criminal appeal was issued. In so doing, Kerry also concedes that the DCA decision was one from which he could have sought discretionary review from the Florida Supreme Court -- because although the DCA decision was short and *per curiam*, it still made citations, discussed the facts, and made a statement that could hypothetically result in a conflict with another state court opinion -- and that he failed to do so. *See, e.g.*, *Florida Star*, 530 So. 2d at 288. Thus, as the district court explained, Kerry's one-year AEDPA clock began running on January 3, 2018, which marked the end of the 30-day period Kerry had under Florida law to seek discretionary review by the Florida Supreme Court.

In light of his concessions, Kerry's petition should have been filed by December 30, 2020, which results from counting the 141 days that followed the issuance of the DCA decision on January 3, 2018 until his state postconviction proceedings tolled the limitations period beginning on May 24, 2018; ignoring the days until his state proceedings were resolved on May 21, 2020; and then counting the remainder of the one-year AEDPA limitations period. This gave him 224 days, or until December 30, 2020, to timely file his § 2254 petition. Kerry did not file his § 2254 petition until February 15, 2021, so we agree that the district court correctly determined that his § 2254 petition was time-barred.

Nevertheless, Kerry next argues -- for the first time on appeal -- that his petition was timely under a theory of equitable tolling. Essentially, he argues that his appellate counsel gave him incorrect advice that he could not seek discretionary review of the Fifth DCA's elaborated *per curiam* opinion by the Florida Supreme Court. However, Kerry has forfeited the equitable tolling argument because he did not raise it in the district court and has not made any argument on appeal as to why we should excuse his forfeiture. *Access Now*, 385 F.3d at 1331–32.

But even if we were to address the merits of Kerry's argument, his counsel's misunderstanding of the law is not by itself a serious instance of attorney misconduct for equitable tolling purposes. We've squarely held that attorney negligence is insufficient by itself to constitute an extraordinary circumstance that would warrant equitable tolling. *Cadet*, 853 F.3d at 1223, 1236–37. Instead,

we've recognized that an attorney would need to essentially abandon the attorney-client relationship in order for an attorney's negligence to rise to the level of an extraordinary circumstance and, moreover, that an attorney's misinterpretation of a statute of limitations did not constitute an abandonment of the relationship. *Id.*

Here, the only claim related to the conduct of Kerry's trial attorney is that he misadvised that he "[did] not believe that [it was] possible" to show that the Fifth DCA's opinion in Kerry's case conflicted with another state court decision in order to seek discretionary review from the Florida Supreme Court. Kerry relied on counsel's advice and, thereafter, miscalculated when the AEDPA limitations period began to run and expired. Like the attorney in *Cadet*, Kerry's attorney may have been negligent in his advice to Kerry about the appealability of the Fifth DCA opinion and thus led Kerry astray on the issue of when his convictions became final, which later led to Kerry miscalculating the time he had remaining to file his § 2254 petition. Yet, as we've explained, a mere misunderstanding of the law is not enough for equitable tolling. Accordingly, Kerry has failed to show an exceptional circumstance that would warrant equitable tolling.

In short, the district court correctly held that Kerry failed to file his § 2254 petition within AEDPA's one-year statute of limitations and dismissed the petition as untimely. Moreover, because we affirm the district court's dismissal of Kerry's § 2254 petition as untimely, we need not address the second COA issue that relates to the district court's alternative denial of his petition on the merits.

**AFFIRMED.**